```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
            -v-                                                   :    25-CR-00003 (JAV)
                                                                  :
CHEUK FUNG RICHARD HO,                                            :    MEMORANDUM OPINION
                                                                  :    AND ORDER
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

Currently pending before the Court is Defendant Cheuk Fung Richard Ho's motion for an order requiring the Government to 1) produce all information relating to the allegation that Defendant "instructed one of his employees to delete private text messages," including any other statements touching on the allegation; 2) conduct a *Brady* review of the materials in its possession, custody, or control, with the recalibrated understanding that Engineer-1's testimony is likely favorable to the accused within the meaning of *Brady* and its progeny; 3) flag for the defense all known *Brady* and *Giglio* material in the discovery already produced or yet to be produced; and 4) disclose whether it brought the testimony at issue to the attention of the grand jury that returned the Indictment.  ECF No. 42.  Defendant's motion is **DENIED.**

## BACKGROUND

Defendant is charged with theft and attempted theft of trade secrets, in violation of 18 U.S.C. § 1832(a).  As alleged in the Indictment, Defendant, while employed at a quantitative trading firm ("Firm-1"), "stole valuable trade secrets from Firm-1 . . . for use in developing the source code" for a rival firm founded by Defendant ("Firm-2") after his departure from Firm-1.  ECF No. 3 ¶ 2.  The Indictment further alleges that, in or about 2022 and 2023, Engineer-1, who

had previously worked at Firm-1, became concerned that Defendant had stolen trade secrets from Firm-1 and confronted Defendant regarding the "name of a piece of code that resembled code at Firm-1 in both name and function." *Id.* ¶ 21. "After confronting Defendant, Defendant, among other things, changed the name of the code and implemented a different version of the code that was publicly available." *Id.*.

As relevant to the instant motion, the Indictment further alleges that:

> In approximately the spring of 2023, after Firm-1 confronted [Defendant] about his founding of Firm-2, Ho directed his employees to change the retention settings for Firm-2's internal messages so that they automatically deleted after a certain period of time. Ho also instructed one of his employees to delete private text messages. In addition, Ho requested that his employees delete the source code history for Firm-2's Source Code, which would have shown, among other things, changes that had been made to Firm-2's Source Code against prior versions of that Source Code, and when those changes had been made.

*Id.* ¶ 22.

As part of Rule 16 discovery, the Government produced to Defendant a transcript of a statement provided under oath by Engineer-1 to Firm-1 in connection with a civil case. In that transcript, Engineer-1 testified, "I definitely deleted my WhatsApp history with [Defendant] at some point. I think it was some point in January. What I don't know is if that was just—like, I don't know if that's related to [Defendant's] discussion because I—I really can't remember if he told me to delete it or not. So I think I might have just done it kind of, you know, randomly, I guess." ECF No. 44 at 2. When asked if he "did this before there was any inkling that [Firm-1] was asking questions," Engineer-1 replied, "Well—so this is what I'm not sure of because it depends on when. So I think it's possible that it was in response to [Defendant's] conversation with me. . . . So the thing is I think that [Defendant] told me to delete WhatsApp history with him. The thing I—that makes me not too sure of it is I was looking through my WhatsApp

history with him and then I saw that—an iMessage from early January, and I think that's before I knew about any of this. So that's what makes me question, like is that actually correct." ECF No. 42 at 5-6. Engineer-1 then had the following exchange with his counsel:

> Q: "[T]ell me if this is right. Your recollection is that the request to delete information followed some kind of contact by Headlands. That's your recollection. But you've seen these earlier WhatsApp messages which causes you to maybe doubt that recollection?"
>
> A: "Yeah, exactly."

ECF No. 42 at 6.

The Government has confirmed that the "employee" referred to in the Indictment who allegedly was instructed to delete private messages by Defendant was Engineer-1. *Id.* at 7. In response to Defendant's inquiries, the Government has also provided an additional disclosure from a report of a law enforcement interview of Engineer-1 relating to this topic. *Id.* at 8.

On January 29, 2025, the Court entered an Order, pursuant to Federal Criminal Rule of Procedure 5(f), which required the Government to disclose *Brady* material to Defendant "promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case." ECF No. 9. The Government was further ordered to disclose any impeachment material under *Giglio* "sufficiently in advance of trial in order for the defendant to make effective use of it at trial." *Id.*

On February 26, 2025, defense counsel requested all *Brady* and *Giglio* material from the Government. ECF No. 42 at 7. The Government has maintained that it does not possess any *Brady* material. ECF No. 44 at 6. No trial date has yet been set in this matter.

## DISCUSSION

Under *Brady v. Maryland*, 373 U.S. 83 (1963), the Government has a "constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or

3

punishment." *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001).  "This duty covers not only exculpatory material, but also information that could be used to impeach a key government witness." *Id.* (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)).  "For *Brady* purposes, evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Coppa*, 267 F.3d at 141 (cleaned up).  Because this is an inherently retrospective inquiry, whether the Government has violated *Brady* can only be determined "*following* a conviction, as only then is a court in a position to determine whether disclosure of previously undisclosed information likely would have produced a different outcome." *United States v. Martinez*, No. 18-CR-0499 (LAK), 2024 WL 3184708, at *7 (S.D.N.Y. June 26, 2024).  The Government must disclose *Brady* and *Giglio* material "with enough time for its effective use by the defense at trial or a plea proceeding." *United States v. Rodriguez*, No. 19 CR. 779 (AKH), 2020 WL 5819503, at *10 (S.D.N.Y. Sept. 30, 2020).  "Whether such disclosures are made in time for effective use will depend on the materiality of the evidence at-issue and the circumstances of the case." *Id.*

The Government and Defendant disagree as to whether the transcript of Engineer-1's statement produced as part of Rule 16 discovery constitutes *Brady* material.  That issue need not be decided at this time.  No trial date in this matter has yet been set, and the transcript at issue was produced to Defendant by the Government as part of discovery.  Thus, even assuming the transcript is *Brady* material, the Government has complied with its disclosure obligations.

This Court's Individual Rules and Practices in Criminal Cases encourage defense counsel to "facilitate the Government's compliance with its Brady obligations by making specific requests that the Government seek out, review, and/or produce certain evidence or information

that defense counsel reasonably believes may contain, or is reasonably likely to lead to the discovery of, *Brady* material." Defense counsel has requested that the Government produce all information relating to the allegation that Defendant "instructed one of his employees to delete private text messages." The Government has represented that, notwithstanding its view that this material does not constitute *Brady* material, it has "reviewed its files and disclosed all additional information it has identified on the subject." ECF No.44 at 6.

"Courts in this Circuit have repeatedly declined to issue pretrial discovery orders pertaining to *Brady* and *Giglio* material, upon a good faith representation by the government that it has complied—and will continue to comply—with its disclosure obligations." *United States v. Adams*, No. 24-CR-556 (DEH), 2024 WL 4839627, at *1 (S.D.N.Y. Nov. 20, 2024) (quotations and citations omitted). The Government has represented, both at the initial conference held before this Court and in its written submission, that it has complied and will continue to comply with its *Brady* obligations. No further relief is necessary at this time.

Defendant's request that the Court order the Government to identify for the defense all known *Brady* and *Giglio* material in the discovery already produced or yet to be produced is also denied. "[A]s a general rule, the Government is under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence." *United States v. Ohle*, No. S3 08 CR 1109(JSR), 2011 WL 651849, at *4 (S.D.N.Y. Feb. 7, 2011), *aff'd*, 441 F. App'x 798 (2d Cir. 2011); *see also United States v. Nordlicht*, No. 16-CR-00640 (BMC), 2017 WL 4797829, at *3 (E.D.N.Y. Oct. 23, 2017) ([T]he general rule is that the Government is under no duty to direct defendants to exculpatory evidence within the larger production of disclosed evidence, even in cases with voluminous discovery."); *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 825 F. Supp. 2d 451, 455 (S.D.N.Y. 2011) ("[I]t is apparent that prosecutors may satisfy their *Brady*

obligations through 'open file' policies or disclosures of exculpatory or impeachment material within large productions of documents or files.").

Rule 16 discovery in this matter is admittedly voluminous, totaling more than 2.3 million pages, exclusive of data extracted from Defendant's electronic devices. ECF No. 44 at 2. Yet the Government has represented that this discovery has been indexed, organized, and produced to Defendant in an electronically searchable format. *Id.* Absent any evidence that the Government has acted in bad faith to affirmatively hide *Brady* material in a voluminous production, the Government's production of indexed and searchable electronic files is sufficient to comply with its *Brady* obligations. *See, e.g.*, *United States v. Skilling*, 554 F.3d 529, 577 (5th Cir. 2009), *aff'd in part, vacated in part, remanded*, 561 U.S. 358 (2010); *Rubin/Chambers*, 825 F. Supp. 2d at 456-57.

Defendant is also not entitled to an order requiring the Government to disclose whether it brought Engineer-1's statements to the attention of the grand jury that returned the Indictment. Defendant requests this information in order to determine whether a motion for relief can be brought with respect to the grand jury process. ECF No. 46 at 3-4. But Defendant has not pointed the Court to any authority supporting such relief. To the extent that Defendant contends that any failure to present this evidence to the grand jury could result in dismissal of the indictment, "a prosecutor ordinarily need not submit to the grand jury evidence which may negate a defendant's guilt." *United States v. Casamento*, 887 F.2d 1141, 1183 (2d Cir. 1989); *see also United States v. Connolly*, No. 16 CR. 370 (CM), 2019 WL 2120022, at *4 (S.D.N.Y. May 2, 2019). Exculpatory evidence need only be submitted "where such evidence is substantial and where it might reasonably be expected to lead the jury not to indict. *Casamento*, 887 F.2d at 1183 (cleaned up). The statement of Engineer-1 does not rise to this level. It is at most

impeachment evidence regarding a one-sentence allegation in the detailed 13-page Indictment. And this allegation regarding the instruction to delete private messages, in turn, is but one piece of the Government's case regarding criminal intent.

## CONCLUSION

Defendant's motion for an order directing the Government to comply with its *Brady* obligations is **DENIED.** The Clerk of Court is directed to terminate ECF Nos. 35 and 42.

SO ORDERED.

Dated: September 11, 2025
New York, New York

                                              JEANNETTE A. VARGAS
                                              United States District Judge