

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 3, 2025

**BY ECF**
The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:     *United States v. Ho*, 25 Cr. 3 (JAV)

Dear Judge Vargas,

     The Government[1] respectfully submits this letter in response to the defendant's letter dated September 26, 2025, requesting leave to file an appendix under seal and *ex parte* in response to Nonparty-1's motion to quash the defendant's Rule 17(c) subpoena in order to make proffers regarding the relevance of his subpoena requests without "premature disclosure" of "defense theories." (Def. Letter Dated Sept. 26, 2025, ECF. No. 60. at 1.)

     Although the Court has the discretion to permit the defendant to make submissions on an *ex parte* basis where there is good cause to do so, "a court's reliance on *ex parte, in camera* submissions is strongly disfavored." *Schiller v. City of New York*, Nos. 04 Civ. 7922, 04 Civ. 7921 (RJS) (JCF), 2008 WL 1777848, at *5 (S.D.N.Y. Apr. 14, 2008). Under the First Amendment and the common law, there is a presumption of public access to "judicial documents." *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141-44 (2d Cir. 2016). In evaluating the defendant's request, the Court should scrutinize whether the defendant's proposed *ex parte* filing would in fact constitute premature disclosure of secret "defense theories." *See United States v. Carton*, 17 Cr. 680 (CM), 2018 WL 4360781, at *1 (S.D.N.Y. Sept. 6, 2018) (granting the Government's motion to unseal the defendant's *ex parte* Rule 17(c) opposition brief, finding that the defense brief did not disclose any "secret defense strategy," and that it would be "impossible to make a truly proper assessment of the [*Nixon*] issue without giving the Government—as well as the subpoenaed entities, should they wish to be heard—an opportunity to respond. And they cannot respond to a brief that they have never seen."). To the extent that the

---

[1] The Government may seek to join in Nonparty-1's motion to quash after reviewing the defendant's opposition to Nonparty-1's motion. The Government would address its standing more fully in any such briefing. But as a threshold matter, the Government routinely has standing to join such motions to quash where the nonparty authorizes the Government to assert his or her rights or where the Government's purpose in so moving is to protect the judicial process. *See United States v. Bergstein*, 16 Cr. 746 (PKC), 2017 WL 6887596, at *2-3 (S.D.N.Y. Dec. 28, 2017). And in any event, because this Court has an independent duty to ensure the propriety of Rule 17(c) subpoenas, "a number of courts within this Circuit have proceeded to consider the merits of a motion to quash irrespective of any determination on standing." *Id.* at *2 n.1.

proffered relevance arguments simply reference the elements of 18 U.S.C. § 1832, there would not be a need for the defendant to be permitted the disfavored relief of making an *ex parte* submission.

Even where there is good cause to file an *ex parte* submission, permitting the defendant to make arguments *ex parte* prevents the parties from responding fully and deprives the Court of a full record to on which to decide Nonparty-1's motion to quash—particularly here where some of the defendant's relevance arguments may touch on highly technical subject areas. Thus, even where Courts have given defendants leave to make *ex parte* submissions, if there are substantive arguments that need to be addressed, Courts have made those submissions available to the Government so that the Government may fully respond to the defendant's arguments. *See, e.g.*, *United States v. Jones*, No. 85 Cr. 1075 (CSH), 1986 WL 7787, at *1 (S.D.N.Y. July 10, 1986) (in granting the defendant's request to submit an *ex parte* affirmation in support of a motion to sever, the Court told "counsel that if the *ex parte* submission raised questions of substance about pre-trial severance, the Government would have to be put in a position to make an informed reply"); *United States v. Morales-Guanill*, No. 12 Cr. 215 (DRD), 2014 WL 4983857 (D.P.R. Oct. 6, 2014), *report and recommendation adopted*, 77 F. Supp. 3d 258 (D.P.R. 2015) (the Court noting that even where it had allowed defendants to submit *ex parte* materials in support of their motions to sever, the Court has nonetheless put both the Government and co-defendant "on notice to the greatest extent possible of the movants' reasons for requesting severance"); *United States v. Xu*, 23 Cr. 133 (JMF), 2024 WL 4504352, at *4 (S.D.N.Y. Oct. 16, 2024) (granting the Government's motion that the defendant must make a proffer regarding the relevance and admissibility of any testimony that the defendant intends to elicit from potential witnesses, "except that [the defendant] may make the proffer, *at least in the first instance, ex parte* to avoid disclosing his defense strategy to the Government) (emphasis added); *United States v Kaufman*, 19 Cr. 504 (LAK), ECF. No. 41 (district court publicly docketed an *ex parte* letter application for a Rule 17(c) subpoena with the memo endorsement, "Application denied without prejudice to renewal by motion on notice.").

Accordingly, the Government requests that the Court carefully scrutinize the defendant's proposed *ex parte* submission to determine whether the material meets the high standard required under the First Amendment to be filed under seal and also whether the Government and Nonparty-1 may nonetheless be entitled to have an opportunity to respond to the defendant's arguments.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: ____/s/_____
Ni Qian/Brandon Thompson
Assistant United States Attorneys
(212) 637-2364/-2444