SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
————
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2100
DIRECT FAX
(917) 777-2100
EMAIL ADDRESS
David.Meister@Skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

October 6, 2025

*Via ECF*

Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007

    RE:    *United States v. Cheuk Fung Richard Ho*, 1:25-cr-00003-JAV

Dear Judge Vargas:

    We respectfully write in reply to the Government's letter to the Court dated October 3, 2025 (Dkt. No. 62, "Gov't Ltr."), and in further support of our application for leave to file an appendix under seal and *ex parte* as part of Mr. Ho's forthcoming opposition to Headlands' motion to quash (Dkt. No. 60). As discussed below, we respectfully submit that the Court should allow us to file the appendix *ex parte* without having to take the risk of disclosure.

    The Government is not opposing our application for leave, nor has it joined Headlands' motion to quash. The sole relief the Government seeks is "that the Court carefully scrutinize" the *ex parte* appendix. The Government says scrutiny is needed to determine whether the appendix complies with the First Amendment and, even if it does, whether the Government and Headlands "may nonetheless be entitled" to see our defense theories and respond. Gov't Ltr. at 2. We have no objection to scrutiny. But we oppose the Government's suggestion that down the road it may be entitled to see our appendix, because that would obviously defeat the purpose of filing the appendix *ex parte* in the first place, which is to protect Mr. Ho's constitutional rights. If the Court grants leave and ultimately concludes that the appendix runs afoul of the First Amendment (which we do not expect), the fair remedy would be for the Court to disregard the appendix or order that it be withdrawn, not order that it be provided to the Government (or Headlands).

    The Government concedes, as it must, that the Court "has discretion to permit" an *ex parte* submission in these circumstances. Gov't Ltr. at 1. Indeed, when the Court

Hon. Jeannette A. Vargas
October 6, 2025
Page 2

indicated at the most recent status conference that it expected we would be seeking leave, the Government remained silent. Yet the Government hints that, in the event it attempts to join Headlands' motion, it may be entitled to see and respond to our appendix "if there are substantive arguments that need to be addressed." Gov't Ltr. at 2. The Court should reject this vague and overly broad exception that the Government has conjured. Only three of the cases that the Government cites refer to Rule 17(c)—*Carton*, *Xu*, and *Kaufman*—and none of these cases contains the standard that the Government floats. And the Government neglects to point out obvious distinctions. In *Carton*, the defense had not sought leave in advance, and the *ex parte* submission did not contain any confidential defense theories, but only ones that the defendant had publicly announced. *See United States v. Carton*, 2018 WL 4360781, at *1–2 (S.D.N.Y. Sept. 6, 2018). Moreover, the court there did not hand the submission over to the Government, but rather gave the defendant the option to either withdraw the subpoena or publicly file the submission. *See id.* In *Xu*, the subpoenas were for trial testimony, not documents, and the Government had moved the court to require the defendant to proffer the relevance and admissibility of the witnesses' testimony, as they were attorneys. In opposing the motion, the defendant argued that the Government was not entitled to such a proffer, which would "reveal his trial strategy," and that he could "provide the Court an *in camera* proffer" if so ordered. *United States v. Xu*, 23 Cr. 133 (JMF), Dkt. No. 399, at *2 (S.D.N.Y. Oct. 15, 2024). The court ultimately required him to make a proffer but permitted him to do so *ex parte*. The Government here stresses the court's qualifier "at least in the first instance," but in no way was the court suggesting that the defendant was taking an irreversible risk that his proffer would be turned over to the Government, when the very purpose of the *ex parte* procedure was so that he could "avoid disclosing his defense strategy to the Government." *Xu*, 2024 WL 4504352, at *4 (S.D.N.Y. Oct. 16, 2024). Finally, *Kaufman* is of little to no precedential value, because while the court publicly filed the submission, it did not explain why—and again the defendant had not sought leave in advance. *See United States v. Kaufman*, 19 Cr. 504 (LAK), Dkt. No. 41, at *3 (S.D.N.Y. Nov. 25, 2019).

Having not taken a position on the underlying motion, but vaguely keeping its foot in the door, the Government raises at most a potential First Amendment concern, not prejudice to the Government's case. Indeed, there could be no prejudice because the Government will receive any documents Headlands produces.[1] We fully recognize that if the Court grants us leave to file an *ex parte* appendix as part of our opposition, we need to tailor the appendix to include only matters that need to be presented *ex parte* to preserve Mr. Ho's constitutional rights. Accordingly, we intend to include in our publicly filed brief all arguments and points the public disclosure of which will not infringe on Mr. Ho's constitutional rights. We will reserve for the appendix a proffer of confidential defense theories that we consider necessary to explain why certain subpoenaed materials are relevant, to address Headlands' contention that they are not.

---

[1] Moreover, Headlands has shown itself to be more than capable of litigating these issues without having to partner with the United States Government. Headlands is a highly resourced litigant represented by an experienced law firm that also represents Headlands in the civil case that gave rise to this one.

Hon. Jeannette A. Vargas
October 6, 2025
Page 3

      In sum, we respectfully request leave to file the appendix *ex parte* and under seal without having to risk that it will be turned over to the Government or Headlands after we file it. We are also mindful that the deadline for our opposition is October 13. If the Court grants our application for leave, we will of course file on time. To the extent that the Court denies the application or has not decided by this Friday, October 10, we respectfully request a suitable extension of time from October 13 to allow us to adjust either the subpoena or our opposition (or both) in response to the Court's decision.

      Respectfully submitted,

      /s/ David Meister
      David Meister
      Daniel Merzel
      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
      One Manhattan West
      New York, NY 10001
      (212) 735-2100

      *Attorneys for Cheuk Fung Richard Ho*