UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                 :

UNITED STATES OF AMERICA     :

                                 :        25-CR-00003 (JAV)

     -v-                        :

                                 :        MEMORANDUM
CHEUK FUNG RICHARD HO,     :   OPINION AND ORDER

                                 :

            Defendant.      :

                                 :
-------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Defendant Cheuk Fung Richard Ho (the "Defendant") moves to compel the production of the entirety of the Headlands codebase pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.  ECF No. 92 at 1.  The motion is **DENIED** because the requested codebase belongs to a third party and is not in the Government's possession, custody, or control.

Rule 16(a)(1)(E) provides in relevant part that the Government, upon request, must permit a defendant to inspect and copy an item material to the preparation of the defense "if the item is within the government's possession, custody, or control."  Fed. R. Crim. P. 16(a)(1)(E).  Similarly, "the *Brady* obligations of the prosecutors extend only to materials within prosecutors' possession, custody or control."  *United States v. Blaszczak*, 308 F. Supp. 3d 736, 742 (S.D.N.Y. 2018).

There is no dispute that the Government does not have the Headlands source code in its physical possession. *Compare* ECF No. 93 at 1, *with* ECF No. 94 at 2. Rather, the Defendant contends that, because the Government's expert witness has at least twice been permitted by Headlands to access its source code in order to run keyword searches, it is therefore within the Government's control for purposes of Rule 16. ECF No. 92 at 1.

"In order to trigger discovery under Rule 16(a)(1)(E), the papers, documents, or tangible objects must be in the actual custody or control of the federal government. *Objects in the possession of . . . private parties are not discoverable.* The defendant is not entitled to discovery of items that the government does not actually have." *United States v. Hwa*, No. 18-CR-538 (MKB), 2021 WL 11723583, at *57 (E.D.N.Y. Sept. 3, 2021) (brackets omitted) (quoting 25 Moore's Federal Practice—Criminal Procedure § 616.05[1][e]), *aff'd*, 161 F.4th 127 (2d Cir. 2025). Accordingly, Rule 16(a)(1)(E) does not impose a requirement to "turn over to a criminal defendant evidence that the government:  (1) does not have in its *physical* possession, custody, or control; or (2) does not have a duty to obtain from a third party." *United States v. Bradley*, 105 F.4th 26, 34-35 (2d Cir. 2024) (explaining that Rule 16 does not contain a "constructive possession concept"); *see also United States v. Tomasetta*, No. 10-CR-1205 (PAC), 2012 WL 896152, at *4 (S.D.N.Y. Mar. 16, 2012) ("[T]he Government is not obliged to obtain evidence from third parties." (cleaned up)).

Defendant relies upon *United States v. Stein*, 488 F. Supp. 2d 350 (S.D.N.Y. 2007), in arguing that the Government has control over the third-party codebase within the meaning of Rule 16(a)(1)(E).  ECF No. 92 at 6.  In *Stein*, the district court interpreted Rule 16(a)(1)'s "custody or control" language to encompass "the legal right to obtain the documents in question."  488 F. Supp. 2d at 363.  Because the Government had entered into a broad deferred prosecution agreement that obligated the third party to provide documents to the Government upon request, the district court found on those facts that the Government had control over the third-party materials.

A number of courts have rejected the reasoning of *Stein*, as it relied upon standards developed in the civil discovery context.  *See, e.g., Hwa*, 2021 WL 11723583, at *57 ("it appears that most courts that have considered *Stein I* have declined to follow it"); *United States v. Raheja*, No. 19-CR-559, 2020 WL 7769725, at *4 (N.D. Ohio Dec. 30, 2020) ("[T]he ability to request cannot be equated with control, otherwise the same documents could also be considered in the control of defendants, who have the right to request them through a Rule 17(c) subpoena."); *United States v. Meregildo*, 920 F. Supp. 2d 434, 443 (S.D.N.Y. 2013) ("[T]he Federal Rules of Civil Procedure do not establish the boundaries of the Government's due process obligations under *Brady*.  And imposing their generous reach on the Government as a constitutional mandate is a bridge too far.  Because of this, *Stein* does not address the Government's *Brady* obligations."), *aff'd sub nom. United States v. Pierce*, 785 F.3d 832 (2d Cir. 2015).  Even were the Court to adopt

its holding, however, *Stein* is inapposite, as the Government does not have the legal authority to demand the production of Headlands' codebase.

## CONCLUSION

The motion to compel production of the codebase is therefore **DENIED**.  The Clerk of Court is directed to terminate ECF No. 92

       SO ORDERED.

Dated: May 26, 2026
       New York, New York           JEANNETTE A. VARGAS
                                 United States District Judge

4