

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 4, 2026

**BY ECF AND EMAIL**
The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re: *United States v. Cheuk Fung Richard Ho*, S1 25 Cr. 3 (JAV)

Dear Judge Vargas,

The parties respectfully submit the following proposal for various deadlines in advance of trial in the above-captioned case, now scheduled for September 14, 2026, as directed by the Court at the May 28, 2026 arraignment and status conference.[1]  Specifically, with respect to trial-related deadlines, the parties jointly propose the following – the timing of which, relative to the September 14 trial date, is equivalent to the schedule previously ordered by the Court for the July 13, 2026 trial date, with the exception of the deadline for oppositions to motions *in limine*, as detailed below. (Dkts. 55, 81).

- Disclosure of Material Pursuant to 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2; and Lists of Witnesses and Exhibits That the Parties Then Expect to Call and Introduce, and Demonstratives They Expect to Use, in Their Respective Cases-in-Chief[2]

   o  Government Deadline:  July 31, 2026

   o  Defendant Deadline:  August 17, 2026

---

[1] With respect to the trial date, the undersigned attorneys for the Government have conferred with the Assistant United States Attorney responsible for prosecuting *United States v. Leal*, 25 Cr. 534 (JAV).  The undersigned attorneys understand that the prosecutor in that case has engaged in preliminary discussions regarding a resolution with defense counsel, and in any event that the Government's case-in-chief in that case would be less than one week.  The undersigned understand that the prosecutor in the *Leal* case is available to address this matter further with the Court, and is available to move the *Leal* trial to an earlier date over the summer, if agreeable to the Court.

[2] Copies of exhibits will be exchanged in the week following the respective deadlines for exhibit lists.  All disclosures are subject to good-faith amendment and additions.

- Motions *in Limine*, Requests to Charge, Proposed Verdict Forms, and *Voir Dire*:

  - August 14, 2026

- Oppositions to Motions *in Limine*:

  - August 28, 2026[3]

In addition, the parties jointly propose the following deadlines with respect to any motions as to Count Two of the Superseding Indictment:

- Motion Due:  June 18, 2026

- Opposition Due:  July 2, 2026

- Reply Due:  July 10, 2026

Finally, with respect to the defendant's deadline to notify the Government of any intent to assert an advice-of-counsel defense, the parties have a disagreement.  The respective positions are set forth below:

*The Government*:  The Government proposes a deadline of eight weeks before trial    that is, July 20, 2026.  As the Court is aware, to benefit from an advice of counsel defense, the defendant must show that "he (1) honestly and in good faith sought the advice of counsel; (2) fully and honestly laid all the facts before his counsel; and (3) in good faith and honestly followed counsel's advice, believing it to be correct and intending that his acts be lawful." *United States v. Denkberg*, 139 F.4th 147, 156-57 (2d Cir. 2025).  Given that it is the defendant, not the Government, who knows whether the defendant did or did not receive legal counsel with respect to the charged conduct, which is described in detail in the Superseding Indictment, the Government's proposed deadline    which is more than six weeks from today    affords more than sufficient time for the defendant to make this determination.   In this regard, the Government notes that it first raised this issue with defense counsel during a meeting on May 18, 2026    more than two months before the Government's proposed deadline.  Moreover, this deadline is warranted in order to afford time for the parties to gather, produce, and review new discovery relevant to the advice-of-counsel defense as well as to engage in any potential motion practice, including potentially time-consuming, *in camera* review of privileged communications.  A deadline that is eight weeks from trial is necessary to avoid any last-minute issues with respect to the trial date.  It is also consistent with prior practice in this district and others. *See, e.g.*, *United States v. Mattera*, No. 24 Cr. 117 (LAP), Dkt. 43 (setting deadline of two months before trial); *United States v. Glover*, 24 Cr. 240 (VSB), Dkt. 25 (setting deadline of five weeks before trial); *United States v. Liberty*, 2020 WL 6386388, at *3 (setting deadline of eight weeks before trial) (D. Me. Oct. 30, 2020).

---

[3] The previously ordered schedule provided only twelve days for the parties to file their oppositions to the other's motions *in limine*.  The proposed schedule outlined herein affords the parties two additional days to prepare their oppositions to motions *in limine*.

*The defendant:* As a threshold matter, we note that while some courts have ordered defendants to provide pretrial notice of intent to assert an advice-of-counsel defense, no such requirement exists in the federal rules, and other courts have declined to require such notice. *See, e.g., United States v. Wilkerson*, 388 F. Supp. 3d 969, 974 (E.D. Tenn. 2019) ("[T]he Court does not know why a criminal defendant must decide what defense (if any) to pursue in advance of trial or risk losing the option altogether."); *United States v. Meredith*, No. 12 Cr. 143, 2014 WL 897373, at *1 (W.D. Ky. Mar. 6, 2014) ("Meredith need not provide the United States with any information pretrial beyond that which is required to be disclosed under Fed. R. Crim. P. 16(b) or unless otherwise ordered by the court."); *United States v. Afremov*, 6 Cr. 196, 2007 WL 2475972, at *5 (D. Minn. Aug. 27, 2007) ("Nor does the prosecution have a right to notice from the defense that it intends to assert an advice of counsel defense at trial."). In any event, the defense disagrees with the Government's characterization of the Superseding Indictment as describing "the charged conduct … in detail." As the Court is aware, the Superseding Indictment carries a brand new theory of wire fraud that has prompted the Government's concern about this potential defense. Among other problems, the language concerning the new wire-fraud count leaves it, at best, substantially unclear what Mr. Ho is accused of misrepresenting and what facts will be alleged to have rendered his statements false. The Government has declined to provide any particulars, leaving the defense unable to determine whether it will choose to assert an advice-of-counsel defense prior to the Court's decision on our forthcoming motion for a bill of particulars as to Count Two (which, per the parties' proposal above, will be fully briefed on July 10, 2026). Accordingly, the defense proposes the following deadline, which will afford the Government sufficient time to address any concerns it may have: (a) two weeks following resolution of the forthcoming motion for a bill of particulars, if the motion is denied; or (b) two weeks following the defense's receipt of the Government's bill of particulars as to Count Two, if the motion is granted.

**SO ORDERED:**

_____
The Honorable Jeannette A. Vargas
United States District Judge
Dated: June 5, 2026

Respectfully submitted,

JAY CLAYTON
United States Attorney

by:    _____/s/_____
       Ni Qian
       Brandon C. Thompson
       Matthew Weinberg
       Assistant United States Attorneys
       (212) 637-2364 / 2444 / 2386

cc:    David Meister, Esq.
       Andrea Griswold, Esq.
       Daniel Merzel, Esq.