UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Cheuk Fung Richard Ho,<br><br>*Defendant.* | **Protective Order**<br><br>**25 Cr. 3 (JAV)** |

Upon the application of the United States of America, with the defendant's consent, and pursuant to Title 18, United States Code, Section 1835, and Fed. R. Crim. P. 16(d), and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**Categories**

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Attorney's Possession Only ("APO") Material.** According to the Government, certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, the confidentiality of ongoing investigations, or the disclosure of trade secret materials. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material."

3. **Attorney's Eyes Only ("AEO") Material.** According to the Government, certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, the confidentiality of ongoing investigations, or the disclosure of trade secret materials. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material."

4. **Proprietary Material and Relativity Proprietary Material.** According to the Government, certain materials in this case contain proprietary information belonging to the defendant's former employer ("Company-1"), including but not limited to information and data that may constitute or contain trade secrets within the meaning of 18 U.S.C. § 1839(3). Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Proprietary Material" or "Relativity Proprietary Material" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating

"Proprietary" shall be deemed "Proprietary Material" or "Relativity Proprietary Material." The designation or treatment of any material as Proprietary Material or Relativity Proprietary Material does not constitute an acknowledgement or determination by the Court or the defendant that the material in fact contains or constitutes a trade secret. The designation merely serves to "preserve the confidentiality of trade secrets," as required under 18 U.S.C. § 1835.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

5. Disclosure Material shall not be disclosed by defense counsel, including any successor counsel (collectively, "defense counsel") or the defendant (collectively with defense counsel, the "defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible and who have signed an acknowledgment that they have read this Protective Order and will abide by it (the "authorized personnel"); shall not be possessed by the defendant except in a secure location in the offices of defense counsel; and shall not be disclosed in any form by the defendant, his counsel, or any authorized personnel except as set forth herein. APO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.

7. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any authorized personnel. AEO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.

8. The production of "Proprietary Material" and "Relativity Proprietary Material" shall be made available to the defense subject to the following conditions:

a. For materials marked Proprietary Material, the Government shall provide three copies of the Proprietary Material on password-encrypted portable storage drives to defense counsel. Defense counsel, as assisted by any authorized personnel, shall copy the contents of the portable storage drives onto no more than four (4) computers ("Standalone Computers") and shall not make any other copies of the portable storage drives. The Standalone Computers shall: (i) not be connected to the internet; (ii) be kept in secure locations (the "Secure Locations") at the offices of defense counsel in New York and Los Angeles, together with the portable storage drives, subject to the Court's order of February 12, 2026, Dkt. No. 87; and (iii) may not be removed from the Secure Locations other than by defense counsel or authorized personnel. Nothing in this Order restricts defense counsel and authorized personnel from securely transporting any Standalone Computer subject to AES-256-XTS encryption from the Secure Locations to the courthouse and back, as may be necessary.

b. For disclosure materials marked Relativity Proprietary Material, the Government will produce said materials in Relativity format. Defense counsel may load Relativity

Proprietary Material on to Relativity, and such materials may be viewed on internet-connected computers outside the Secure Locations, subject to the conditions below.

c. All Proprietary Material and Relativity Proprietary Material are also designated as APO Material and must be handled accordingly.

d. Notwithstanding any other provision of this Order, to the extent that the Government designates as Proprietary Material (i) any of its expert disclosures and attachments thereto; (ii) any Section 3500 material; (iii) any demonstratives; and (iv) any exhibits (excluding source code files), defense counsel may make and maintain at any given time up to six (6) password-encrypted electronic copies of such material, which shall be stored in password-encrypted electronic locations, for use by defense counsel and authorized personnel, subject to treatment of such material as APO Material. The passwords for the password-encrypted electronic copies must consist of at least fifteen (15) characters and must differ from the passwords used for the electronic locations. Defense counsel will keep a log identifying the electronic locations of such electronic copies. These electronic copies will be promptly removed from the electronic locations after the conclusion of trial (and defense counsel shall thereafter confirm to the Government in writing that such removal has been completed). Upon consent of the Government, the limits in this subparagraph may be extended without further order of the Court.

e. Notwithstanding any other provision of this Order, defense counsel may make paper copies of any Proprietary Material as may be needed for use in court, provided that such copies (i) are created no earlier than one week in advance and kept in the Secure Locations until needed for court; (ii) are maintained in defense counsel's possession or in a locked storage

container in the courtroom when removed from the Secure Locations when needed; and (iii) are promptly shredded after they are no longer needed in court (and defense counsel shall thereafter confirm to the Government in writing that such shredding has been completed). The number of such paper copies existing at any given time shall not exceed one (1) paper copy of each source code file and four (4) paper copies of each other item of Proprietary Material. In court, when such paper copies are not in use, defense counsel shall maintain the copies in a locked storage container to be kept in the courtroom. Upon consent of the Government, the limits in this subparagraph may be extended without further order of the Court.

f. Nothing in this Order restricts defense counsel from creating copies of Proprietary Material for submission of exhibits to the Court in accordance with the Court's Individual Criminal Rules.

g. Any person, other than defense counsel or authorized personnel, may not bring in any electronic device (including but not limited to computers, tablets, cellular phones, and any electronic media) into the Secure Locations when Proprietary Material is accessible by such person.

h. While reviewing the Proprietary Materials at the Secure Locations, defense counsel is permitted to examine the Proprietary Material and take written notes, either by hand or electronically on the Standalone Computers, regarding the Proprietary Material. Such notes and any defense-generated work product based on or containing such notes shall also be deemed "APO Material," and shall be treated as such by defense counsel, pursuant to the terms of this Protective Order. To the extent that the defendant takes notes, those notes must remain in the custody of

defense counsel and any personnel for whose conduct defense counsel is responsible at all times. When defendant is reviewing Proprietary Material in a Secure Location or Relativity Proprietary Material, he shall be visible to, defense counsel or authorized personnel via an open videoconference line that defense counsel shall intermittently monitor. For Proprietary Material, the defendant shall not have access to use the computer being used to establish the videoconference line. For Relativity Proprietary Material, defense counsel is responsible for ensuring that the defendant does not transfer or copy any Relativity Proprietary Material from defense counsel's Relativity database.

i. Defense counsel will keep a log containing the names of individuals that have had access to the Proprietary Material.

j. Except as provided herein, in no event shall the defense disclose or describe Proprietary Materials to any other person or entity other than the Government, or this Court in the context of this criminal case.

k. Any defense expert who seeks to view the Proprietary Material, and any support staff for any defense expert, may do so only if (1) the defense discloses to the Court and an Assistant United States Attorney (the "Filter AUSA") in the Southern District of New York, who is walled from and hereby prohibited from communicating any defense disclosures made pursuant to this sub-paragraph to the Assistant United States Attorneys and any other law enforcement official and their team who are handling this case for the Government ("Case Team"), the curriculum vitae of the proposed expert and any support staff, (2) the Filter AUSA has an opportunity to be heard on the proposed expert's potential conflicts of interest, and (3) the proposed expert and any support

staff signs this Protective Order to ensure that he or she has read, understands, and acknowledges the restrictions placed on the access and dissemination of such Proprietary Material. The Filter AUSA will not disclose to the Case Team the information he or she receives from the defense regarding any proposed defense experts. The defense may not employ any expert or expert's support staff who works as a consultant, employee, officer, owner, or agent of a competitor to Company 1, defined as a person or entity engaged in any business activity similar to the quantitative trading activities of Company 1, including but not limited to market making, proprietary trading, quantitative trading, research and/or development of automated trading strategies, execution services, or the operation of trading venues or the development and provision of technology for engaging in the foregoing. Moreover, any expert retained by the defense, and any member of the expert's support staff, shall not work as a consultant, employee, officer, owner, or agent of a competitor to Company 1 for two years following the cessation of this prosecution before the District Court. These restrictions may be modified only for good cause shown on motion to this Court or agreement by the Government and the defense in this case.

**<u>Other Provisions</u>**

9. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but, except to the extent provided otherwise below, shall not be disclosed or used in any form in any civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

10. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. Except for Disclosure Material that has been made part of the record of this case, and subject to defense counsel's obligation to retain client files under applicable rules of professional conduct, the defense shall return to the Government or securely destroy or delete all Disclosure Material, purge and reformat the Standalone Computers, and return to the Government the portable storage drives on which Proprietary Material was produced to the defense within 30 days after expiration of the period for direct appeal from final judgment in this action or the conclusion of any direct appeal, whichever is later. If Disclosure Material is provided by the defense to any prospective witnesses or personnel for whose conduct defense counsel is responsible, defense counsel shall make reasonable efforts to seek the return or destruction of such material.

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: ______________________ Date: July 28, 2026
**Ni Qian/Brandon Thompson/Matthew Weinberg**
Assistant United States Attorneys

______________________ Date: 7-28-26
**David Meister, Esq.**
Counsel for Cheuk Fung Richard Ho

SO ORDERED:

Dated: New York, New York
**August 3, 2026**

______________________
THE HONORABLE JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE