**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 13, 2026

**BY ECF**

The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *United States v. Cheuk Fung Richard Ho*,**
**S1 25 Cr. 3 (JAV)**

Dear Judge Vargas:

The Government respectfully submits this letter in the above captioned matter in brief reply to the letter submitted by the defendant on September 10, 2026 (Dkt. 201) opposing the Government's September 9, 2026 letter motion seeking to preclude the proffered opinions of Professor Mark Hendricks (Dkt. 198).

## I. The Defendant's Attempt to Distinguish Federal Rule of Civil Procedure 26 and Federal Rule of Criminal Procedure 16 Fails

The defendant attempts to distinguish the cases cited by the Government in support of the straightforward proposition that Hendricks cannot rely on alleged experience to support his conclusions if he will not disclose that experience—including a case that the Court itself has said is "very squarely on point, very similar to this" (Tr. of Sept. 8 Conf. 339)—by noting that the Government cited civil cases and pointing to certain language in Federal Rule of Civil Procedure 26 ("Civil Rule 26") not in Federal Rule of Criminal Procedure 16 ("Criminal Rule 16"). According to the defendant, Criminal Rule 16 "is narrower, and the narrower rule means narrower expert discovery" (Dkt. 201 at 2). That assertion is a red herring. The difference between the two rules is irrelevant in this case.

Civil Rule 26 separately refers to the disclosure of a "complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them," *see* Civil Rule 26(a)(2)(B)(i), (ii), whereas Criminal Rule 16 only refers to disclosure of a "complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" and the "bases and reasons for them," *see* Criminal Rule 16(b)(1)(C)(iii). There accordingly may be a case where Civil Rule 26 requires the disclosure of information not required to be disclosed under Criminal Rule 16. This is not such a case. That is so for a fundamental reason: Hendricks has stated, in no uncertain terms, that his opinions that the

"logic, trading insights, and functionality" of Firm-1 files and components thereof are allegedly "readily ascertainable" and reflect "common" ways of implementing certain concepts *is based on what he has seen at other firms*. (*See* Tr. of Daubert Hr. 209-10). Indeed, he has repeatedly claimed that the "logic, trading insights, and functionality" of Firm-1's source code files "exist" or "in part exist" at other firms. In short, his alleged experience *is* the central, if not only, basis for his alleged views. The defendant does not disagree. (*See* Dkt. 201 at 5 ("his experience with firms in the industry is a central part of his accumulated knowledge").)

And Criminal Rule 16, for very good reason, expressly requires that a party to a criminal action, here the defendant, disclose "the bases and reasons" for a proffered expert's opinions, as well as his "qualifications" to provide them. Fed. R. Crim. Pro. 16(b)(1)(iii). It follows that, in a criminal case, a party cannot just invoke general "experience," without more—because that does not permit a court to perform its critical gatekeeping function or provide the opposing party anything meaningful to test or to use to prepare cross-examination. The Government is aware of no case supporting the proposition that what the defendant seeks to do here, claim the central source of an opinion is experience while shielding even the most basic information behind it, is acceptable—nor does the defendant cite such a case. Rather, cases hold the opposite. Judge Rakoff precluded a law enforcement officer's proposed expert testimony precisely because it rested on a general assertion of experience without details. *United States v. Mrabet*, 703 F. Supp. 3d 442, 444 (S.D.N.Y. 2023) (mere disclosure that an expert's "'testimony will be based on his training, education, and experience, including his 37 years as a law enforcement officer primarily involved in investigating narcotics trafficking' . . . is a patent evasion of [Criminal Rule 16's] requirements"). Judge Stein similarly precluded proposed expert testimony based on little more than a purported expert's general experience. *United States v. Menendez*, No. 23 Cr. 490 (SHS), 2025 WL 547794, at *5 (S.D.N.Y. Feb. 19, 2025) ("Here, defendant's expert notice under [Criminal] Rule 16 states simply that [the expert] 'is an expert in Middle Eastern cultures and has lived, worked, and conducted ethnographic research in Beirut' and then proceeds to list the conclusions [the expert] draws from that experience. . . . [T]he notice does not identify what observations [the expert] has made that inform or otherwise support her proffered testimony and what those observations are based on. . . . At bottom, her proffered testimony is simply her 'ipse dixit' conclusions based on her experiences throughout her career. That does not suffice. . . . [S]imply 'putting forth [the witness's] "experience and research" as a basis for her conclusion provides no meaningful information to the government.' [The expert]'s testimony is thus precluded for failing to set forth the bases and reasons for her opinions as required by [Criminal] Rule 16." (internal citation omitted)).

In short, the Government is simply asking for what Criminal Rule 16, case law, and common sense all require: Hendricks must provide his complete opinions and their bases, and cannot use his supposed experience and asserted confidentiality obligations as both a sword and a shield.

**II. The Defendant's Statement That Hendricks Cannot Explain the Bases for His Opinions Further Warrants Preclusion**

The defendant states that the "Government's premise – that Prof. Hendricks knows where he has seen a particular component of a [Firm-1] code file at a particular firm – is false. He is not able to provide such precision, nor is there any requirement that he do so." (Dkt. 201 at 4). This statement renders the testimony that he proposes to put before the jury, and his woefully inadequate disclosure, even more troubling.

*First*, to the extent this statement (or others in the defendant's letter) is intended to supplement or correct prior disclosures, it is not sufficient for it merely to be said in a letter from a lawyer. Rather, Hendricks must himself so state, in a signed disclosure. *See* Fed. R. Crim. Pro. 16(b)(1)(C)(vi) ("The defendant must supplement or correct the defendant's disclosures in accordance with [the foregoing requirements, which include the proffered expert signing].").

*Second*, and in any event, as the Court is aware, a central issue in this case, and one that is expected to be disputed, is whether the code files at issue derive independent economic value from "not being generally known to and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. 1839(3). If this Court permits it, Hendricks apparently intends to testify that it is his opinion that these code files, or components of them, are generally known because he saw such a file or component somewhere, but he cannot state when or where or how, and he will not disclose the information that permits the Government to test whether his vague alleged recollection is accurate. Such testimony should be excluded pursuant to Federal Rule of Evidence 403 for any witness, because the proponent of the testimony can barely even meet the relevance requirement, and the self-evident risks of jury confusion and unfairness far outweigh any conceivable probative value.

But *Hendricks is being offered as an expert*, whose testimony must be shown by the defendant to be "based on sufficient facts or data" and "the product of reliable principles and methods" reliably applied. Fed. R. Evid. 702. Unspecified memories, from an undisclosed time, are not "sufficient facts or data," nor are opinions based on such alleged memories products of reliable principles and methods reliably applied, especially where there is no means to test whether those memories are accurate. The defendant bears the burden to demonstrate that what he seeks to offer is proper under Rule 702. *See, e.g., United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007). Conclusory testimony resting on unspecified memories does not meet his burden.

*Third*, even if the defendant had properly disclosed (and he has not), and had met his burden under Rule 702 (and he has not), if "expert" opinion of this kind has any probative value, that probative value is far outweighed by the dangers of such conclusory testimony being unfairly prejudicial, misleading the jury, and confusing the issues. (*See* Tr. of Sept. 8 Conf. 341 (Court: "He is making a statement that this exists at other firms. If anything, that's almost not an opinion. It's a factual statement that he is saying, I have seen this in other codes out there in the industry…But you're not allowing the bases for that testimony to be challenged in any way because he's not going to testify to where or how or what context or what it actually was. And even if we don't determine that a 702 issue, it's certainly a 403 issue in my mind. That's highly

prejudicial.”)). “Indeed, the Supreme Court, echoed by members of our own court, has noted the uniquely important role that Rule 403 has to play in a district court’s scrutiny of expert testimony, given the unique weight such evidence may have in a jury’s deliberations.” *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005).

*Finally*, if Hendricks cannot (or will not) specify what “components” of which Firm-1 code files he has supposedly seen at other firms, and instead intends to rely on similar “concepts” in the code of unspecified firms, as the defendant appears to suggest (Dkt. 201 at 2), there is even further ground to exclude his testimony under Rules 702 and 403. There is expected to be no dispute at trial that Firm-1’s source code employs, *inter alia*, well-known mathematical and statistical “concepts.” What is not generally known and not readily ascertainable are the specifics of how Firm-1 implemented those concepts. If Hendricks cannot (or will not) specify *which implementations* he allegedly has seen elsewhere and *where* he has seen them, his testimony fails the Rule 702 test for that reason as well, and is even more likely to confuse the issues and mislead the jury and thus also fails under Rule 403.[1]

### III. There Is Nothing Hypocritical About the Government’s Position

The defendant’s claim that the Government’s position is “hypocr[tical]” (Dkt. 201 at 6) also fails. The nature of Hendricks’s opinion and his reliance on information allegedly gained from his undisclosed “experience” are both fundamentally different from the approach of the Government’s experts. The alleged experience on which Hendricks relies to say that he has seen elsewhere, in whole or in part, the code in the relevant Firm-1 code files and that what is in those files is readily ascertainable rests overwhelmingly on work about which he has said little or nothing, and he refuses to say more, on even the most basic level. That is not remotely true of either Johnson or Loewenstine.

### IV. The Court Has Not Made a Ruling on Hendricks’s Testimony

The defendant also suggests that the Court has already ruled on the Government’s motion. (*E.g.*, Dkt. 201 at 1 (“The Court already denied this ‘drastic remedy’ . . . .”).) That is incorrect. (*See* Dkt. 192 (finding defendant’s disclosure deficient under Rule 16(b)(1)(C); Tr. of Daubert Hr.

---

[1] Indeed, to the extent that the defendant intends for Hendricks to testify that certain mathematical and statistical “concepts” are used in the quantitative trading industry, his proposed testimony would not be proper expert testimony at all. The Federal Rules of Evidence preclude a party from offering “expert testimony where the evidence impermissibly mirrors the testimony offered by fact witnesses, or the subject matter of the expert’s testimony is not beyond the ken of the average juror.” *United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994); *see also, e.g.*, *United States v. Nouri*, 711 F.3d 129, 145 (2d Cir. 2013) (district court was “well within its discretion” to preclude testimony on customary commissions by brokerage firms where cumulative of other evidence at trial); *United States v. Collins*, 581 F. App’x 59, 60 (2d Cir. 2014) (affirming preclusion of testimony by lawyers on the materiality of an agreement and “the work of transactional lawyers,” where “fact witnesses” covered the same ground). Here, multiple fact witnesses may be asked about the quantitative trading industry and its core mathematical and statistical concepts.

290 ("I am not saying that I will never preclude the witness. I haven't ruled on the *Daubert*. And . . . once I get the supplemental disclosure, if . . . that is insufficient under Rule 16 or there's another basis to preclude under Rule 702, I'm certainly not saying that I wouldn't entertain such an application."). Plainly, the Court has not ruled on the adequacy of the defendant's latest attempted disclosure or the admissibility of Hendricks's testimony. Nor has there been any concession that a further *Daubert* hearing is unnecessary. The defendant must meet his disclosure obligations under Rule 16 and his burden under Rule 702, and he has done neither.

## V. Conclusion

For the foregoing reasons and those set forth previously, Hendricks's testimony should be precluded.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: s/__________________________

Ni Qian
Brandon Thompson
Matthew Weinberg
Assistant United States Attorneys
(212) 637-2364/2444/2386