UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>CHEUK FUNG RICHARD HO,<br><br>Defendant. | 25-CR-00003 (JAV)<br><br><u>ORDER</u> |

JEANNETTE A. VARGAS, United States District Judge:

Defendant Cheuk Fung Richard Ho (the "Defendant") requests that the Court exercise its inherent authority to enter an order precluding the Government from contacting and making inquiries of firms for which defense expert Professor Mark Hendricks previously served as an advisor or consultant. ECF No. 204. The Court declines to enter such an order.

"The Sixth Amendment guarantees criminal defendants the right to present a defense, which includes a right to call witnesses." *Rigas v. United States*, No. 02-CR-1236 (KMW), 2020 WL 2521530, at *22 (S.D.N.Y. May 15, 2020), *aff'd*, 848 F. App'x 464 (2d Cir. 2021) (citing *United States v. Williams*, 205 F.3d 23, 29 (2d Cir. 2000)). "[P]rosecutorial intimidation that dissuades a potential defense witness from testifying for the defense can, under certain circumstances," violate this right. *Williams*, 205 F.3d at 29. Yet only Government action taken in bad faith rises to the level of a constitutional violation. *Id.*

The Defendant has not demonstrated that the Government's contemplated investigation of Professor Hendricks would be undertaken for the purpose of pressuring him not to testify on behalf of the defense. Although the Defendant argues that contacting Professor Hendricks's prior employers would serve "no legitimate purpose," ECF No. 204; *see also* ECF No. 201 at 5-6, the Government has articulated a good faith basis for its contemplated inquiries. Specifically, Professor Hendricks has identified his prior consultancy experience as the basis for his opinion that the logic, trading insights, and functionality of various code files exist at other firms. The Government represents that its inquiries would be for the purpose of developing information that would be relevant to its potential cross-examination of Professor Hendricks, and would allow the Government to test his credibility and the sources and basis of his opinions. Additionally, the Government is entitled to determine if there is a factual basis for the defense's position that the allegedly stolen source code is not novel in its logic, functionality, or trading insights because it exists at these other firms.

Accordingly, the request for entry of a protective order is denied.

SO ORDERED.

Dated: September 22, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge