UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

CHEUK FUNG RICHARD HO,

Defendant.

25-CR-00003 (JAV)

OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

Pending before the Court is Defendant's Motion to Quash the Government's Rule 17(c) subpoena duces tecum, ECF No. 219-1 (the "Subpoena"), served on Holland & Knight on August 25, 2025. ECF No. 211 (the "Motion"). For the following reasons, the Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

### A. Indictment

Defendant Ho is charged with theft of trade secrets, in violation of 18 U.S.C. § 1832(a). As set forth in the Superseding Indictment, Defendant was previously employed as a research developer and quantitative trader at a global quantitative trading firm ("Firm-1"). ECF No. 103 ("Superseding Indictment" or "Indictment"), ¶ 1. Over the course of many years and at a cost of more than $1 billion, Firm-1 developed a proprietary source code (the "Source Code"), which was critical to Firm-1's success in equity and security trading. *Id.* The Indictment alleges that, in the spring of 2021, Defendant started his own quantitative trading firm in partnership

with a competitor of Firm-1. *Id.*, ¶ 2. While still employed at Firm-1, Defendant is alleged to have used his access to the Source Code to steal the building blocks of the Source Code, known as "Atoms," as well as some of its predictive formulas. *Id.* According to the Indictment, Defendant used Firm-1's trade secrets to launch his own firm ("Firm 2"), and to have copied, without authorization, numerous components of Firm-1's source code. *Id.*, ¶¶ 21-22.

The Subpoena stems from a state lawsuit brought by Firm-1 against Defendant with civil claims related to the same underlying conduct. Filed in June 2023, that lawsuit alleges (1) trade secret misappropriation; (2) breach of contract; (3) breach of common law fiduciary duty; (4) fraud; (5) civil conspiracy, and (6) tortious interference with contract. ECF No. 219 ("Opposition to Motion to Quash" or "Opp'n") at 2.

In the civil case, Firm-1 moved for a temporary restraining order ("TRO Motion") against Defendant and his new company ("Firm-2"). *Id.* As part of Defendant's opposition to the TRO Motion, Defendant filed a letter, Opp'n, Ex. B at 11-12 (the "Letter"), that his counsel Holland and Knight allegedly sent Firm-1 in September of 2022 in response to an inquiry by Firm-1 into Defendant's employment status following his departure from Firm-1. Mot. at 2. The Letter stated that Defendant was "in compliance with his non-compete and other restrictive covenant obligations." Ex. B at 11. It further noted that Defendant "has his own company, [Firm-2]," and that Firm 2 "provides software and development services to [a non-party firm] solely for use with [that non-party firm's] trading

activities in China." *Id.* Holland & Knight filed a declaration signed by the Defendant under penalty of perjury that this letter was sent to Firm-1 on or about September 26, 2022, by counsel. Opp'n, Ex. B at 2-8 (the "Declaration"), ¶ 28. Firm-1's counsel claimed that it had never received this letter, and the court ultimately denied Firm-1's TRO motion, "noting, among other things, that [Firm-1] had been on notice of Mr. Ho's affiliation with [the non-party firm] since the summer of 2022." Mot. at 2-3.

**B. Procedural Background**

On August 25, 2025, the Government served a subpoena on non-party Holland & Knight pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. Subpoena at 2. The subpoena seeks (1) engagement letter(s) for the Defendant and his firm; (2) invoice(s) for Defendant and Firm-2 for September 2022; and (3) all records of correspondence sent from or on behalf of a particular Holland & Knight attorney ("Attorney-1") to Firm-1 from September 20, 2022, to September 30, 2022. *Id.* at 4. The Court previously ordered that communications between Defendant and Attorney-1 be disclosed pursuant to the crime-fraud exception. ECF No. 189 (the "Crime-Fraud Order").

On September 24, 2026, Defendant brought the instant Motion. Defendant argues that the Subpoena should be quashed because the materials it seeks (the "Requested Materials") are not specific, relevant, and admissible within the meaning of *United States v. Nixon*, 418 U.S. 683 (1974), which sets out the standards for a Rule 17(c) Subpoena. Mot. at 1. Furthermore, Defendant argues

that "[a]ny proof or absence of proof of delivery has no tendency to make it more or less probable that Mr. Ho stole code or committed fraud." *Id.* at 6.

On October 1, 2026, the Government submitted a letter in opposition, arguing that the Requested Materials are proper under *Nixon* because they are relevant, specific, and admissible. Opp'n at 5-9. The Government argues, *inter alia*, that the Requested Materials are relevant because "whether the September 26, 2022 Letter was drafted and sent is a fact of relevance because it goes to the [D]efendant's state of mind," noting that if the Letter were never sent to Firm 1, it would demonstrate that the Defendant "deliberately hi[d] Firm-2's existence [from Firm-1], and, indeed, lied about doing so." *Id.* at 6. The Government additionally seeks pre-trial production of the Requested Materials, arguing that they are necessary for the Government's trial preparation. *Id.* at 9.

On October 6, 2026, Defendant submitted a reply in support of the Motion. ECF No. 222 (the "Reply"). Defendant argues, *inter alia*, that even if the Requested Materials show that the Letter was never sent to Firm-1, such fact "does not reach what Mr. Ho knew or intended." Reply at 2. On October 6, 2026, Holland & Knight submitted a letter joining Defendant's Reply. ECF No. 225.

On October 8, 2026, the Government filed an unauthorized sur-reply. ECF No. 224. The Government included as an exhibit a February 2023 email thread between Defendant and an attorney at Holland & Knight in which Defendant attached a copy of the Letter and describes it as the "letter you drafted back in September (and was never sent)." ECF No. 224, Exhibit A at 1.

## LEGAL STANDARDS

### A. Rule 17(c) and the *Nixon* Standard

Federal Rule of Criminal Procedure 17(c) governs the production of documents and objects by subpoena in a criminal case. In contrast to the broad subpoena powers enjoyed by civil litigants and by the Government, utilizing the grand jury, the Supreme Court has cautioned that a Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698. Indeed, "[c]ourts must be mindful not to allow the Rule 17(c) process to become a broad discovery device that would undermine the discovery procedures set forth in Rule 16." *United States v. Shestakov*, No. 23-CR-16 (JHR), 2025 WL 507523, at *1 (S.D.N.Y. Feb. 14, 2025) (cleaned up). Accordingly, courts "may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

Under *Nixon*, a party seeking documents through a Rule 17(c) subpoena has the burden of showing "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699-700. In sum, the issuer of a Rule 17(c) subpoena must demonstrate (1) relevancy, (2) admissibility, and (3) specificity of the requests therein. *Id.* at 700.

To be "relevant" in this context, the materials must "make any element of the charged crimes more or less likely." *United States v. Peraire-Bueno*, No. 24-CR-293 (JGLC), 2025 WL 2062021, at *16 (S.D.N.Y. July 23, 2025) (granting motion to quash requests for third-party's trading strategies and financial reports); *see also Contreras v. Artus*, 778 F.3d 97, 108 (2d Cir. 2015) ("Evidence is relevant if it has any tendency in reason to prove the existence of any material fact, i.e., it makes determination of the action more probable or less probable than it would be without the evidence." (cleaned up)).

Second, to satisfy the specificity requirement of *Nixon*, the party seeking production of the materials must "reasonably specify the information contained or believed to be contained in the documents sought[, rather than] merely hope[] that something useful will turn up." *United States v. Sawinski,* No. 00-CR-499 (RPP), 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000) (cleaned up). The subpoena must "constitute a good faith effort to obtain identified evidence rather than a general 'fishing expedition' that attempts to use the rule as a discovery device." *United States v. Barnes*, No. 04-CR-186 (SCR), 2008 WL 9359654, at *4 (S.D.N.Y. Apr. 2, 2008) (cleaned up). "Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*." *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013).

Finally, "Rule 17(c) requires a showing that the materials sought are currently admissible in evidence; it cannot be used as a device to gain

understanding or explanation." *United States v. Rich*, No. 83-CR-579 (SWK), 1984 WL 845, at *3 (S.D.N.Y. Sept. 7, 1984). Ultimately, enforcement of a Rule 17(c) subpoena remains within the sound discretion of the Court. *Nixon*, 418 U.S. at 702.

## DISCUSSION

The Court will assess each of the Subpoena's requests (the "Requests") for relevancy, admissibility, and specificity under *Nixon*. 418 U.S. at 700. Applying that standard, the Court grants the Motion to quash as to the first two Requests, and denies the motion as it concerns the third Request.

### A. Request Nos. 1 and 2:

Request No. 1 seeks engagement letter(s) for Defendant and/or Firm-2 from September 1, 2022, to the present. Subpoena at 3-4. Similarly, Request No. 2 seeks invoices for Defendant and/for Firm 2 for September 2022. Subpoena at 4. Defendant argues that he is "charged with stealing trade secrets from [Firm-1] and defrauding [Firm-2]," and that therefore the specific terms of his engagement of Holland & Knight, the records reflecting the hours that Attorney-1 devoted to litigating his civil case, or the amount he paid his counsel can have no "'tendency in reason' to make any element of the charged offenses more or less probable." Mot. at 5.

The Court agrees. The Government contends that such information is relevant because the "engagement letter. . . [and] billing invoices for September 2022, the first month of Attorney-1's engagement and the month in which the September 26, 2022 Letter was purportedly written and sent, are expected to contain relevant information, including whether and when Attorney-1 wrote and

sent the September 26, 2022 Letter to anyone." Opp'n at 7. It is pure speculation that either an engagement letter or a billing invoice would demonstrate that a particular letter was not transmitted by Holland & Knight to Firm-1 in September 2022. Accordingly, Request Nos. 1 and 2 are quashed.

**B. Request No. 3:**

Request No. 3 seeks "[a]ll records of correspondence sent from or on behalf of Attorney-1 to Firm-1" from September 20, 2022, to September 30, 2022, including but not limited to:

> any mail receipts or records of mailings, courier receipts or invoices, copies of any final sent letter or other correspondence, records from any internal document management systems reflecting the date any such correspondence was saved and/or sent, and any non-privileged records or communications relating to the transmission of any such correspondence or any lack of transmission of any such correspondence, whether through the mails, electronic means, hand delivery, or otherwise.

Subpoena at 4.

Defendant argues that, rather than seek specific evidence, the Subpoena seeks an answer to a question: Did Holland & Knight transmit the letter to Firm-1 during the relevant time period? It is true that a Rule 17(c) subpoena cannot be used as a broad discovery device, *see, e.g.*, *Barnes*, 2008 WL 9359654, at *4, but "courts in this District have held that a Rule 17(c) subpoena does not need to detail the exact contours of materials to which its proponent does not have access." *United States v. Chirico*, 25-CR-00365 (JLR), 2026 WL 1760129, at *6 (S.D.N.Y. June 18, 2026) (citation omitted). To satisfy the specificity requirement, the subpoena must

only "provide the subpoenaed party with enough knowledge about what documents are being requested so as to lodge any objections on relevancy or admissibility." *Id.*

To the extent the Subpoena seeks records reflecting the transmittal of the letter, such as a mail receipt or electronic transmittal records from the document management system, and internal correspondence discussing whether or not to transmit the letter to Firm-1, the specificity requirement is satisfied. These are discrete and identifiable records. In contrast, the broader request for "any" records "relating to" the transmittal of the letter broadly sweeps in any number of unspecified records and thus does not constitute an appropriate request under *Nixon*.

"The Second Circuit has held that this test 'is a 'low threshold,' easily satisfied.'" *Chirico*, 2026 WL 1760129, at *7 (quoting *United States v. Garnes*, 102 F.4th 628, 638 (2d Cir. 2024). "'Evidence need not be sufficient by itself to prove a fact in issue, much less to prove it beyond a reasonable doubt' to be considered relevant within the meaning of FRE 401." *Id.* at *7 (quoting *United States v. Gramins*, 939 F.3d 429, 450 (2d Cir. 2019).

The Government's theory of relevance meets this low bar. Evidence that Defendant deliberately decided not to inform Firm-1 of the existence of Firm-2 and then lied to a Court about it is indicative both of consciousness of guilt and of his intent to cover up his crime in order to perpetuate his ability to continue using Firm-1's trade secrets unimpeded. *Cf. United States v. Silver*, 117 F. Supp. 3d 461, 473 (S.D.N.Y. 2015).

Turning to the admissibility requirement, mail receipts and transmittal records would be admissible as business records. Fed. R. Evid. 803(6). The analysis is complicated, however, by the fact that the Government ties much of its relevance argument to a *lack* of records reflecting transmittal. Opp'n at 9. The Government has not pointed to caselaw indicating that a *lack* of responsive documents would meet the admissibility requirements of *Nixon*. The Court need not resolve that issue at present, however, because the existence of mail receipts or transmittal records would be relevant to the issue of intent, and such records are admissible.

Additionally, Defendant argues that internal correspondence discussing whether or not to transmit the letter to Firm-1 would constitute inadmissible hearsay. Reply at 5. Yet statements made by an attorney in the scope of the agency relationship do not constitute hearsay. *See* Fed. R. Evid. 801(d)(2)(D); *see also United States v. Mercado*, No. 02-CR-675 (WHP), 2003 WL 21756084, at *7 (S.D.N.Y. July 30, 2003). Defendant contends that "a lawyer's communications with his own staff about clerical matters are not statements made on the client's behalf," and thus would fall outside the scope of their agency relationship. *Id.* The decision not to send a drafted letter to Firm-1 disclosing Defendant's current employment relations can hardly be categorized as clerical in nature, however.

Accordingly, the Court concludes that the *Nixon* test has been satisfied to the extent it seeks mail receipts, courier receipts or invoices, or records of mailings for the letter to Firm-1; copies of the final sent letter; records from an internal document management systems sufficient to demonstrate the date the letter in

question was sent to Firm-1; and any non-privileged records or communications discussing whether or not to transmit the letter.

The Government has requested that the Court order production of material prior to trial. Opp'n at 9. In light of the impact the evidence could have on the Government's presentation of evidence at trial, including the witnesses it chooses to call and its theory of the case, *id.*, the request is granted. Holland & Knight is ordered to respond to the subpoena by no later than **October 27, 2026.**

## CONCLUSION

Accordingly, Defendant's Motion to Quash is **GRANTED IN PART AND DENIED IN PART.** The Clerk of Court is directed to terminate ECF No. 211.

SO ORDERED.

Dated: October 13, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge