SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE MANHATTAN WEST
NEW YORK, NY 10001

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-2100
DIRECT FAX
(917) 777-2100
E-MAIL ADDRESS
DAVID.MEISTER@SKADDEN.COM

October 22, 2026

*Via ECF*

The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *United States v. Ho*, 25 Cr. 3 (JAV)

Dear Judge Vargas:

On behalf of Richard Ho, we respectfully submit this letter in advance of the continuation of the *Daubert* hearing as to Prof. Mark Hendricks. We write to provide a brief overview of the disclosures that the Court ordered to be addressed, and to raise a concern that the Government may attempt to obtain from Prof. Hendricks confidential information about firms with which he has worked—information beyond the scope of the Court's order (which we have satisfied) and beyond what should be required of a proposed expert witness in this context.

On direct examination, we expect to cover the three supplemental disclosures dated September 7, September 23, and September 25, 2026.

First, the September 7 supplemental disclosure itemizes, on a file-by-file basis, Prof. Hendricks's opinions on the Headlands and One R Squared files and the bases and reasons for those opinions, across 24 pages and 118 numbered code files and pairings or groupings of code files, in accordance with the Court's oral order at the September 3, 2026 *Daubert* hearing. On September 14, 2026, the Court ruled that this disclosure was in part deficient to the extent it did not specify (i) the values in the Headlands code files that Prof. Hendricks concluded would be subject to adjustment when tailoring for any particular symbol or market; (ii) the similarities he concluded are arbitrary or economically insignificant in a high-frequency trading context, and why; and (iii) the names of the firms with which he has had industry experience supporting his opinions that the logic, trading insights, and functionality of certain of the Headlands files exist or in part exist at other firms, and, for each firm, the type of firm, the types of trading or investment activities in which the firm engages, the dates of his engagements or projects with the firms, and the

subject matter and specific nature of the work that each one involved. *See* Pretrial Conf. Tr. 499, 579–81 (Sept. 14, 2026). The Court rejected the Government's remaining Rule 16 objections and declined to require detail at the level of specific lines of code. Tr. 491, 494, 498. In ordering the defense to provide the enumerated details regarding Prof. Hendricks's industry experience, the Court recognized that Prof. Hendricks will *not* testify at trial that he saw a particular code file at a particular firm, and that this is not the basis for any of his opinions. Tr. 529–31.

Second, the September 23 disclosure provides the additional file-by-file details that the Court ordered us to specify on September 14, i.e., values that would be subject to adjustment, similarities that are economically insignificant, and similarities that are arbitrary, and why. Additionally, the disclosure provides similar detail regarding certain other specific similarities and differences that Prof. Hendricks has observed in the files.

Lastly, the September 25 disclosure sets forth the required information regarding the firms that constitute the specific industry experience supporting Prof. Hendricks's opinions as to the logic, trading insights, and functionality that exist at other firms. This disclosure—which the Court has placed under seal in light of Prof. Hendricks's confidentiality obligations and the sensitivity of the information it contains, *see* Tr. 501 (Sept. 14, 2026)—names and describes the firms, provides the approximate dates of Prof. Hendricks's work with each one, describes the specific work and subject matter involved, and distinguishes between engagements involving exposure to preexisting firm code and engagements that may have involved exposure solely to code that was being developed as part of the engagement. The Court permitted the Government to contact and attempt to gather information from those firms on a voluntary basis, *see* Dkt. Nos. 205, 207, and the Government has had ample opportunity to do so.

We also wanted to raise Prof. Hendricks's confidentiality obligations. Three days ago, the Government requested that we produce copies of Prof. Hendricks's nondisclosure agreements with firms, despite the fact that no rule requires us to obtain and produce these agreements. Putting the rules aside, the Government's request raises a concern that the Government may seek to obtain confidential information belonging to these firms. If that is the case, we would respectfully seek to address that issue with the Court, as it would go beyond the scope of the Court's order regarding the information to be provided concerning the firms—which we have satisfied—and indeed beyond what should be required of a

proposed expert witness in this context (and certainly beyond what has been required of the Government's experts here).

Respectfully submitted,

/s/ David Meister
David Meister
Andrea Griswold
Daniel Merzel
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001
(212) 735-2100

*Counsel for Richard Ho*