SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE MANHATTAN WEST
NEW YORK, NY 10001

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2100
DIRECT FAX
(917) 777-2100
E-MAIL ADDRESS
DAVID.MEISTER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

October 25, 2026

*Via ECF*

The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *United States v. Ho*, 25 Cr. 3 (JAV)

Dear Judge Vargas:

On behalf of Richard Ho, we respectfully submit this motion to bar the Government from introducing in evidence any of the hundreds of new code files that it has obtained and produced to the defense mere days before trial. The Court imposed a firm trial date of November 2, which should not be adjourned, and it is obvious that no time remains for the defense to review and assess this avalanche of new code, nor to develop sufficient evidence and argument, expert or otherwise, to meet it. The Government alone is responsible for the delay, and the Government should bear the consequence. The only fair remedy is for the Court to exercise its discretion to stick to the trial as planned and preclude the untimely evidence.

The Government began investigating this case more than three years ago, in August 2023, and it indicted Mr. Ho nearly two years ago, in January 2025. After granting the Government an extension to complete discovery, the Court ordered that discovery be complete by January 31, 2026. *See* Dkt. No. 79. Since January, the Government has made numerous productions of voluminous discovery, which have continued through last week. The original trial date in July 2026 was adjourned over the Government's objection after the Government superseded with a new prosecution theory shortly before trial. The second trial date, in September, was adjourned for roughly 45 days solely as a result of the Court's rulings concerning the defense's expert disclosures. Now, on the eve of the third trial date, the Government team (which includes, by our count, at least six AUSAs) has produced hundreds of new code files, which it has obtained from two sources: (i) a former coding colleague of Mr. Ho's from Tolo, his company before he joined Headlands; and (ii) Headlands itself. This latest production of computer code dramatically expands on the volume of code that the Government has produced over the past year and a half. The files

contain thousands of lines of code, which, under the protective order, can be reviewed only in a restricted environment.

At Thursday's *Daubert* hearing, the Government made a surprise announcement that this voluminous new code is "direct evidence of both counts that are charged in the superseding indictment," Hearing Tr. 586 (Oct. 22, 2026)—but the Government did not offer an explanation as to why it waited until now to obtain this code instead of obtaining it years ago. Mr. Ho's former Tolo colleague has been known to and readily available to the Government since 2023. Based on the 3500 material that we have received from the Government, we know that "Engineer-1," who has met with the Government numerous times, has repeatedly spoken to the Government about Mr. Ho's former colleague. In fact, the 3500 also shows that the Government has been in contact with the former colleague's counsel in New York since at least April of this year, prior to both adjournments. And Headlands, of course, has been providing code to the Government upon request for years, while both the Government and Headlands have strenuously argued against our efforts to obtain access to Headlands' code beyond what the Government chooses to provide us.

The Government was prepared to proceed to trial without these new code files in July 2026. The Government was prepared to proceed again in September with no defense expert. Indeed, the defense's expert disclosures were the sole reason for the second adjournment. But the Government has exploited the adjournment to try to expand the evidentiary record at the eleventh hour, and the unfair prejudice is plain. If the Government were to be permitted to use the new code, the defense would need to assess each code file, determine how (if at all) each one relates to the previously produced code and to the bill of particulars, and then prepare to meet the new evidence. That would require expert analysis. But there is no time. We cannot evaluate hundreds of new code files on the eve of trial, let alone develop sufficient evidence and argument to meet this new material. And Mr. Ho should not be made to pay the price for the Government's delay. He is entitled to his day in court. The Court fixed a firm trial date, and we oppose any further adjournment. *Accord United States v. Carini*, 562 F.2d 144, 151 (2d Cir. 1977) (trial "delay" causing defendant to continue to "suffer[] the 'anxiety [arising from] a public accusation of criminal conduct'" is "'substantial harm of [a] type which the Sixth Amendment was intended to remedy'") (citations omitted).

The decision to preclude this late material is well within the Court's discretion. *See United States v. Yepa*, 608 F. App'x 672, 677 (10th Cir. 2015) (unpublished). In *Yepa*, the district court excluded a recording of a 911 call that the Government had designated as an exhibit one week before trial. *Id.* at 678–79. Although the Government had produced the recording to the defense earlier in the case, the Government negligently waited until shortly before trial to undertake fairly straightforward investigative steps that would have linked the recording to the defendant and victim. *Id.* at 675–77. The Government's belated investigation and late notice thus impaired the defense's preparation for trial, and the district court excluded the evidence rather than adjourn the trial date (which would have lengthened the defendant's pretrial incarceration by four to eight weeks and caused

scheduling inconveniences). *Id.* at 679–80. The Government appealed the ruling, arguing that "the district court abused its discretion by excluding the evidence rather than granting a continuance," but the Tenth Circuit affirmed, finding that exclusion was within the court's discretion where the Government was negligent in failing to pursue available investigative leads earlier and where the defendant would have suffered unfair prejudice. *Id.* at 674, 678–79. As the Tenth Circuit observed, "a continuance is [not] necessary just because it will cure the prejudice." *Id.* at 678 (citation omitted). We respectfully submit that the circumstances here warrant the same exercise of discretion, particularly given the voluminous and technical nature of the new code files and the fact that the trial date was previously adjourned due to the Government's shifting theories. *See also United States v. Davis*, 244 F.3d 666, 672–73 (8th Cir. 2001) (affirming exclusion of Government's "last-minute" DNA evidence).

The *Monsanto Lopez* case—which the Court previously cited when we moved to preclude a prior late production of code by the Government—does not suggest otherwise. *See* Pretrial Conf. Tr. 463 (Sept. 14, 2026) (citing *United States v. Monsanto Lopez*, 798 F. App'x 688, 690 (2d Cir. 2020) (summary order)). There, the defense had sought preclusion of the late evidence *or, in the alternative, a continuance*, and the defense did not object when the court adjourned the trial date by three weeks. *Monsanto*, 798 F. App'x at 689–90. The defendant therefore had more than a month to review the materials, which he "did not suggest below … was an insufficient amount of time," and he did not articulate "a basis to find that he was prejudiced by the timing of this production." *Id.* at 690–91. The same cannot be said here, where we oppose any further delay and where the unfair prejudice to Mr. Ho is clear.

Accordingly, we respectfully request that the Court bar the Government from introducing in evidence any of the hundreds of newly obtained code files.

Respectfully submitted,

/s/ David Meister

David Meister
Andrea Griswold
Daniel Merzel
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001
(212) 735-2100

*Counsel for Richard Ho*