Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 14

FILED
7/13/2023 11:40 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH05586
Calendar, 14
23520309

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| HEADLANDS TECH ORGANIZATION, LLC, et al., | ) | |
| Plaintiffs, | ) | Case No. 2023CH05586 |
| v. | ) | |
| CHEUK FUNG RICHARD HO, WEN JIA LIU, and ONE R SQUARED, LLC, | ) | |
| Defendants. | ) | |

**DEFENDANTS HO AND ONE R SQUARED, LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Defendants Cheuk Fung Richard Ho and One R Squared, LLC (collectively, Defendants) submit this opposition to the Motion for Temporary Restraining Order filed on July 10, 2023 by Headlands Tech Organization, LLC, Headlands Tech Holdings, LLC, and Headlands Tech IP Holdings, LLC (collectively, Headlands or Plaintiffs).

## INTRODUCTION

Illinois courts only issue temporary restraining orders ("TROs") in *exceptional* and *emergency* circumstances that pose immediate and irreparable harm. A TRO is meant to preserve the *status quo* – in other words, keep the state of affairs in their present condition – until the court has an opportunity to rule on a motion for preliminary injunction after an evidentiary hearing. Two years after the alleged harm occurred, Headlands cannot show a present risk of *immediate* and *irreparable* harm here based on the allegations in the Motion for TRO, and their definition of the *status quo* is improper.

[redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

[redacted]

[redacted]

**BACKGROUND**

[redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

Ho resigned from Headlands in July 2021, ***two years ago***. Ho Decl. ¶ 22. Ho signed a non-compete that expired in July 2022, ***one year ago***. *Id.* ¶ 23. Also nearly ***one year ago***, Headlands learned that Ho was going to be working with a competitor, Tower Research Capital, LLC, for which Ho had previously worked from 2012 to 2015. Ho Decl. ¶¶ 27 and Exh. B thereto. Ho is not as an employee of Tower; his work with Tower is performed via a service agreement between Tower and One R Squared, LLC ("OneRSq"). Ho Decl. ¶¶ 24–26. Headlands' has been aware of this arrangement since September 2022. *Id.* ¶ 28.

[redacted]

[redacted]

[redacted]

**LEGAL STANDARD**

[redacted]

[redacted]

---

1 [redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

## ARGUMENT

### I. [redacted]

[redacted]

[redacted]

[redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

[redacted]

[redacted]

## II. [redacted]

[redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

[redacted]

A lengthy delay in seeking relief by itself calls into question "how urgent the need for preliminary equitable relief really is." *See Redbox Automated Retail, LLC v. Xpress Retail, LLC*, 310 F. Supp. 3d 949, 953 (N.D. Ill. 2018) ("Redbox's eighteen-month delay in seeking relief on its trademark claim is more than long enough to raise serious doubt regarding the appropriateness of granting the 'extraordinary remedy' of a preliminary injunction"; explaining that several courts of appeals have affirmed denials or reversed grants of injunctions because of much shorter delays in filing suit); *see also Saud v. DePaul Univ.*, No. 19-cv-3945, 2019 WL 5577239, at *9–10 (N.D. Ill. Oct. 29, 2019) (there is no irreparable harm where plaintiff moves for injunction a year after the offending act and two-and-a-half months after filing a complaint). Similarly here,

---

[2] [redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

Plaintiffs cannot excuse their delay in moving for a TRO by claiming that they were ignorant of Defendants' alleged conduct up until they filed suit, as Headlands was aware of Ho's relationship with Tower, and OneRSq, in September 2022. Ho Decl. ¶ 28; *Traffic Tech*, 2015 WL 9259544, at *17 ("even if Plaintiff did not receive 'concrete evidence' of wrongdoing until May 2015, it nonetheless waited an additional three months to file its motion for a [TRO], which itself is a significant delay"). Standing alone, Plaintiffs' delay in seeking temporary injunctive relief on its claim precludes a finding of irreparable harm. *See Redbox*, 310 F. Supp. 3d at 953.

**III.** [redacted]

[redacted]

[redacted]

[redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

3 [redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

[redacted]

[redacted]

[redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

**IV.** [redacted]

[redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

**V.** [redacted]

[redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

**VI.** [redacted]

[redacted]

[redacted]

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for TRO should be denied in its entirety.

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

Respectfully submitted,

**CHEUK FUNG RICHARD HO and ONE R SQUARED LLC**

By: s/ Chelsea Ashbrook McCarthy
One of Their Attorneys

Chelsea A. McCarthy
Phillip M. Schreiber
Tammy T. Eason
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, Illinois 60606
(312) 236-3600
phillip.schreiber@hklaw.com
chelsea.mccarthy@hklaw.com
tammy.eason@hklaw.com
Firm No.: 37472

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| HEADLANDS TECH ORGANIZATION, LLC, et al., | ) | |
| Plaintiffs, | ) | Case No. 2023 CH 05586 |
| v. | ) | |
| CHEUK FUNG RICHARD HO, WEN JIA LIU, and ONE R SQUARED, LLC, | ) | |
| Defendants. | ) | |

**DECLARATION OF RICHARD HO IN SUPPORT OF RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

I, Cheuk Fung Richard Ho, hereby declare as follows:

1. [redacted]

2. [redacted]

3. [redacted]

4. [redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

5. [redacted]

6. [redacted]

7. [redacted]

8. [redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

9. [redacted]

10. [redacted]

11. [redacted]

12. [redacted]

13. [redacted]

14. [redacted]

15. [redacted]

16. [redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

17. [redacted]

18. [redacted]

19. [redacted]

20. [redacted]

21. [redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

22. [redacted]

23. [redacted]

24. [redacted]

25. [redacted]

26. [redacted]

27. On July 25, 2022, Headlands inquired as to my new employment/affiliation; I immediately responded to that inquiry. A true and correct copy of those email communications is attached hereto as **Exhibit B**.

28. Shortly thereafter, on or about September 26, 2022, my counsel sent a letter to Headlands counsel stating: ". . . Mr. Ho is not employed by Tower Research Capital LLC. Mr. Ho has his own company, One R Squared, LLC, a Delaware limited liability company ("OneRSq"). OneRSq provides software and development services to Tower solely for use with Tower's trading activities in China." A true and correct copy of that letter is attached hereto as **Exhibit C**.

29. [redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[redacted]

30. [redacted]

31. [redacted]

32. [redacted]

33. [redacted]

34. [redacted]

35. [redacted]

36. [redacted]

37. [redacted]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

38. [redacted]

39. [redacted]

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Executed on July 13, 2023.

Cheuk Fung Richard Ho

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

# EXHIBIT B

FILED DATE: 7/13/2023 11:40 AM 2023CH05586



# Headlands Tech: Disclosure of New Employment

4 messages

**Kristen Grisius** <kristen@headlandstech.com> Mon, Jul 25, 2022 at 8:31 PM
To: Richard Ho <ho.richardcf@gmail.com>

Hi Richard,

I hope you're doing well.

As you know, your Restricted Period comes to an end on August 5, 2022. To-date, we have not received a notification from you regarding new employment/affiliation as provided for in your Non-Compete, Non-Solicitation, Confidentiality, and Intellectual Property Agreement. You are obligated to make such a disclosure for the two-year period following your termination of employment (i.e., through August 5, 2023).

Accordingly, please advise of the name of the person or entity with whom you have or become employed, contracted to, or otherwise affiliated, your hire or engagement date, your job title, and a complete description of your duties. Such disclosure should be made no later than on the date you accept or otherwise agree to become employed by or affiliated with such person or entity.

Please let me know if you have any questions.

Best,

Kristen

**Kristen Grisius**

*General Counsel & Partner*

HeadlandsTech

444 W. Lake Street; Suite 4650| Chicago, IL 60606

kristen@headlandstech.com

(312) 601-8646

NOTICE: The contents of this message, including any attachments, may contain information that is privileged, confidential, and/or proprietary and is solely for the private use of the intended recipient(s). If you are not the intended recipient or have received this message in error, please notify the sender immediately and delete the message and any

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

attachments. You should not disseminate or copy this message or any attachments without the permission of the author. This message cannot in any way bind Headlands Tech Holdings, LLC and/or its subsidiaries or affiliates to any contract or other obligation and they reserve the right to monitor all communications that occur on their information systems.

---

**Richard Ho** <ho.richardcf@gmail.com> Tue, Jul 26, 2022 at 6:03 PM
To: Kristen Grisius <kristen@headlandstech.com>

Hi Kristen!

I am well and I trust that you are the same! Per your email, please see the below.

- Tower Research - Subject to work authorization approval, I expect to take on a research and management role, initially focusing on the mainland China and cryptocurrency markets.
- Longling Capital - Venture Partner. I held this role since 2017 and suspended active work in 2019. I will resume recommending investments to the board in the cryptocurrency/blockchain spaces.
- I am further affiliated with Rhopus Investments Limited, Exio Limited and Index Fund Inc as Director. These companies make investments in the cryptocurrency and blockchain spaces.

Thanks and all the best to you!

Richard

[Quoted text hidden]

---

**Kristen Grisius** <kristen@headlandstech.com> Tue, Aug 9, 2022 at 7:49 PM
To: Richard Ho <ho.richardcf@gmail.com>

Hi Richard,

Glad to hear you're doing well! Things are good here!

Thank you for the below information. Can you also please provide for me with a contact's name and email or mailing address so we can send a letter regarding your continuing obligations? This is standard procedure on our end. Also, can you please confirm your new job title with Tower?

Thanks again and best,

Kristen

---

**From:** Richard Ho <ho.richardcf@gmail.com>
**Sent:** Tuesday, July 26, 2022 6:04 PM
**To:** Kristen Grisius <kristen@headlandstech.com>
**Subject:** Re: Headlands Tech: Disclosure of New Employment

Hi Kristen!

I am well and I trust that you are the same! Per your email, please see the below.

- Tower Research - Subject to work authorization approval, I expect to take on a research and management role, initially focusing on the mainland China and cryptocurrency markets.

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

- Longling Capital - Venture Partner. I held this role since 2017 and suspended active work in 2019. I will resume recommending investments to the board in the cryptocurrency/blockchain spaces.
- I am further affiliated with Rhopus Investments Limited, Exio Limited and Index Fund Inc as Director. These companies make investments in the cryptocurrency and blockchain spaces.

Thanks and all the best to you!

Richard

Hi Richard,

I hope you're doing well.

As you know, your Restricted Period comes to an end on August 5, 2022. To-date, we have not received a notification from you regarding new employment/affiliation as provided for in your Non-Compete, Non-Solicitation, Confidentiality, and Intellectual Property Agreement. You are obligated to make such a disclosure for the two-year period following your termination of employment (i.e., through August 5, 2023).

Accordingly, please advise of the name of the person or entity with whom you have or become employed, contracted to, or otherwise affiliated, your hire or engagement date, your job title, and a complete description of your duties. Such disclosure should be made no later than on the date you accept or otherwise agree to become employed by or affiliated with such person or entity.

Please let me know if you have any questions.

Best,

Kristen

**Kristen Grisius**

*General Counsel & Partner*

HeadlandsTech

444 W. Lake Street; Suite 4650| Chicago, IL 60606

kristen@headlandstech.com

(312) 601-8646

NOTICE: The contents of this message, including any attachments, may contain information that is privileged,

> confidential, and/or proprietary and is solely for the private use of the intended recipient(s). If you are not the intended recipient or have received this message in error, please notify the sender immediately and delete the message and any attachments. You should not disseminate or copy this message or any attachments without the permission of the author. This message cannot in any way bind Headlands Tech Holdings, LLC and/or its subsidiaries or affiliates to any contract or other obligation and they reserve the right to monitor all communications that occur on their information systems.

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

[Quoted text hidden]

---

**Richard Ho** <ho.richardcf@gmail.com> Sun, Aug 14, 2022 at 7:36 PM
To: Kristen Grisius <kristen@headlandstech.com>

Hi Kristen,

Please send the letter to Renee Croce at rcroce@tower-research.com. My job title will be Team Lead and Director. Thanks!

Richard

[Quoted text hidden]

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

# EXHIBIT C

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Loren L. Forrest, Jr.
212-513-3370
Loren.Forrest@hklaw.com

September 26, 2022

Kristen V. Grisius,
Partner and General Counsel
Headlands Tech
444 W. Lake St.,
Suite 4650,
Chicago, IL 60606.

**Re: <u>Richard Ho</u>**

Dear Kristen Grisius:

Holland & Knight LLP is counsel to Richard Ho. We write to you in response to your letter to Mr. Ho dated July 25, 2022. Please be advised that Mr. Ho is in full compliance with all of his legal obligations outlined in your letter. Notably, Mr. Ho is fully compliant with all of his confidentiality obligations to Headlands Tech and has not disclosed any of Headlands confidential information to anyone.

Mr. Ho is also in compliance with his non-compete and other restrictive covenant obligations. First and foremost, Mr. Ho is not employed by Tower Research Capital LLC. Mr. Ho has his own company, One R Squared, LLC, a Delaware limited liability company ("OneRSq"). OneRSq provides software and development services to Tower solely for use with Tower's trading activities in China. Since Headlands tech does not use its software to trade in Chinese markets, on its face and consistent with the brief legal analysis below, Mr. Ho is in full compliance with all of his obligations to Headlands.

**<u>Brief Legal Analysis</u>**

In Illinois, "[t]he modern, prevailing common-law standard of reasonableness for employee agreements not to compete applies a three-pronged test." BDO Seidman v. Hirshberg, 93 N.Y.2d 382, 690 N.Y.S.2d 854, 712 N.E.2d 1220, 1223 (1999). A restrictive covenant, assuming it is ancillary to a valid employment relationship, is reasonable only if the covenant: (1) is no greater than is required for the protection of a legitimate business interest of the employer-promisee; (2) does not impose undue hardship on the employee-promisor, and (3) is not injurious to the public.

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

Further, the extent of the employer's legitimate business interest may be limited by type of activity, geographical area, and time. *Id*. Courts have long ago established the three-dimensional rule of reason in Illinois and has repeatedly acknowledged the requirement of the promisee's legitimate business interest down to the present day. *Reliable Fire Equip. Co. v. Arredondo*, 2011 IL 111871, ¶ 17, 965 N.E.2d 393, 396–97.

When courts assess this issue they "generally look to whether the restricted area is coextensive with the area in which the employer is doing business." *Lawrence & Allen*, 292 Ill.App.3d at 139, 226 Ill.Dec. 331, 685 N.E.2d at 442; Arpac Corp., 226 Ill.App.3d at 77, 168 Ill.Dec. 240, 589 N.E.2d at 650. Accordingly, the rationale behind making geography determinative in this situation is that the employee should be excluded only from territory in which, as a result of his employment, he was able to establish a certain relationship with the employer's customers. *Central Keystone Plating of Illinois v. Hutchison* (1965), 62 Ill.App.2d 188, 210 N.E.2d 239.

Accordingly, Headlands Tech holds no protectable interest in compelling Mr. Ho not to use his skills to provide software and development services to Tower solely for use with Tower's trading platforms in China. Mr. Ho has not and will not disclose any of Headlands confidential information to Tower or any other company in the provision of his services to them. Currently, Tower is OneRSq's only client. If you have any questions or would like to discuss this issue further, please contact the undersigned.

Sincerely yours,

HOLLAND & KNIGHT LLP

Loren L. Forrest, Jr.

FILED DATE: 7/13/2023 11:40 AM 2023CH05586

# CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that on **July 13, 2023**, the foregoing pleading was filed via Odyssey eFileIL which will send notice to all counsel of record, listed below:

Scott T. Sakiyama
Michael Rosenberg
Orrick, Herrington & Sutcliffe LLP
353 N. Clark Street, Ste. 3600
Chicago, IL 60654
ssakiyama@orrick.com
mrosenberg@orrick.com

David McGill
Kristina Arianina
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, N.W.
Washington, D.C.
dmcgill@orrick.com
karianina@orrick.com

William W. Oxley
Orrick, Herrington & Sutcliffe LLP
355 Grand Ave., Ste. 2700
Los Angeles, CA 90071
woxley@orrick.com

**Attorneys for Plaintiffs**

Christopher Gair
Kristi Nelson
Gair Eberhard Nelson Dedinas
1 East Wacker Drive
Suite 2600
Chicago, IL 60601
cgair@gairlawgroup.com
knelson@gairlawgroup.com

**Attorneys for Wen Jia Liu**

/s/ Chelsea Ashbrook McCarthy