SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE MANHATTAN WEST
NEW YORK, NY 10001

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-2100
DIRECT FAX
(917) 777-2100
E-MAIL ADDRESS
DAVID.MEISTER@SKADDEN.COM

November 10, 2026

*Via ECF*

The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *United States v. Ho*, 25 Cr. 3 (JAV)

Dear Judge Vargas:

As we have previewed in court, we respectfully submit this letter to flag in advance our objection to certain anticipated testimony of a Headlands lay witness, Casey Worthington, that is outside the bounds of the Court's rulings regarding analysis and comparison of Headlands and One R Squared ("ORS") code. Although Mr. Worthington reviewed certain ORS code files in 2024 in support of Headlands' civil action against Mr. Ho, his anticipated testimony crosses the line that the Court has drawn based on controlling authority in at least three respects, as outlined below. This attempted mission creep into testimony beyond the Court's rulings should not be permitted.

*First*, there is no question that the Government has directed Mr. Worthington to conduct new analysis. Since August 2026, the Government has repeatedly shown him ORS code files and elicited his opinions about them in real time—opinions that are not limited to the ones he formed when he conducted his 2024 analysis. *See* 3520-002, -003, -004, -020, -021 (analysis from May and early June 2024); 3520-023, -024, -025, -026, -028, -032, -033, -034, -035, -040, -041 (analysis since August 2026); *compare, e.g.*, 3520-021, at 4 (opining in 2024 that lines 138–76 of a particular ORS file were "almost line-by-line copied" from a Headlands file), *with* 3520-034, at 2 (newly opining that "[a]ny values would return the same values for the two files; any recurring values"); *see also* 3520-038 (newly opining that the "ORS research platform appeared very similar to HT's [i.e., Headlands'], particularly the way the code was set up to construct a trading strategy, construct alphas, to optimize or fit a model, to produce alphas in [a] manner similar to HT's term factories, including the atom infrastructure"). His testimony must be limited to the opinions he formed in 2024, because only that earlier analysis was conducted within the scope of his work at Headlands. *See* Trial Tr. 97 (Nov. 4, 2026)

("What I have prohibited is for a witness to conduct analysis at the direction of the government and to provide opinion, lay opinion testimony that they did not develop in the course of the scope of their employment."); Pretrial Conf. Tr. 441–42 (Sept. 14, 2026) (Headlands witnesses who investigated "similarities between the Headlands code and the ORS code … as part of their job responsibilities in connection with the civil litigation between Headlands and ORS … can testify as to similarities they observed in the course of their investigation between the Headlands code and the ORS code" because such testimony "is based on their personal knowledge of the ORS code that they obtained in the course of their employment"); *see also Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 181–82 (2d Cir. 2004) (lay opinion testimony by bank employee who "was assigned to investigate defendants' activities" was properly admitted under Rule 701 "so long as the testimony was based on the investigation and reflected his investigatory findings and conclusions," but it was error to admit "testimony [that] was not a product of his investigation").

*Second*, relatedly, Mr. Worthington's recent Government-directed analysis has involved ORS code files that he did not review in 2024. For his 2024 analysis, he used a June 2023 version of the ORS codebase that Headlands had obtained from a former ORS employee, but the new analysis that the Government has had him conduct in recent months has involved Government-obtained ORS code files from 2021 and 2022, which he did not even see in 2024, much less analyze. *See, e.g.*, 3520-023, -024, -025, -026 (analyzing GX 833, 842, 848, 852, 858, 867, 868, 871, 874, and 878, all from 2021 and 2022); 3520-025 (analyzing GX 871 and claiming to have "reviewed this around 2024," despite the fact that the file was not in his original analysis and not in the Government's original list of "Stolen Trade Secrets" derived from his analysis). It is troubling that even after the Court's September 14, 2026 ruling, the Government has continued to ask him about files that he did not review in 2024. *See, e.g.*, 3520-028 (analyzing GX 829, 842 867, and 869). He has no knowledge of these particular files from his analysis in 2024, and the Court should bar the Government from eliciting his opinions on them.

*Third*, Mr. Worthington has recently applied a specialized method of analysis that he did not apply in his 2024 work—a method that is clearly expert in nature. Specifically, the Government has had him perform an experiment to compare the outputs of two different code files, a Headlands file and an ORS file, based on hypothetical movement in two securities, using inputs of his own choosing. His analysis is reflected in GX 895 and 2231, two demonstratives consisting of his own handwritten notes, which the Government intends to display during his testimony. *See* 3520-032, -041 (using Apple and Microsoft stocks, the same securities that the Government used in its direct examination of Mr. Dama). These demonstratives purport to show how the two files would handle the hypothetical inputs, the results of various functions at particular lines in the code, and the matching outputs of his calculations. This goes far beyond comparing the text of two code files. He did nothing of the kind in his 2024 work. And needless to say, the Government never disclosed Mr. Worthington as an expert.

For all these reasons, we respectfully request that the Court limit Mr. Worthington's testimony to his recollection of the opinions he formed in 2024, and we further request that the Court ensure before he testifies that both the Government and the witness do not cross this line. We urge the Court to take this step so that we are not compelled to object during Mr. Worthington's testimony as we had to do during the testimony of Mr. Pape. *See* Trial Tr. 96 (Nov. 4, 2026) (The Court: "What I understand the government representing is that they are going to have a witness [i.e., Isaac Pape] point out the same text in a separate code without opining upon … how it appeared in that other code file, simply pointing out where they see that same line of code in another document. I'm going to permit that."); Tr. 264, 267 (Nov. 5, 2026) (Ms. Qian: "Mr. Pape, did anything change between these two lines of text?" … "Were any of the words changed?" … "Was anything changed with respect to these two comments or different?").

Respectfully submitted,

/s/ David Meister

David Meister
Andrea Griswold
Daniel Merzel
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001
(212) 735-2100

*Counsel for Richard Ho*