SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE MANHATTAN WEST
NEW YORK, NY 10001

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-2426
DIRECT FAX
(917) 777-2426
EMAIL ADDRESS
ANDREA.GRISWOLD@SKADDEN.COM

November 16, 2026

*Via ECF*

The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *United States v. Ho*, 25 Cr. 3 (JAV)

Dear Judge Vargas:

On behalf of Richard Ho, we respectfully submit this letter to again request the opportunity—which the Court said it was inclined to allow—to inquire about Casey Worthington's personal knowledge of the One R Squared ("ORS") code files about which he intends to testify, pursuant to Federal Rule of Evidence 104(b). As the Court is aware, on November 12, 2026, we asked the Court to reconsider its ruling permitting Mr. Worthington's testimony comparing non-verbatim Headlands and ORS code files, because he would be applying specialized programming reasoning by "matching different pieces of text across different programming languages by tracing their logic and concluding that the logic is the same," contrary to Rule 701(c). Dkt. No. 264, at 2. This testimony is on the fundamental issue relevant to both Counts One and Two: whether the Headlands code and ORS code are the same. The Court denied our motion for reconsideration and said it would permit the testimony based on Mr. Worthington's personal knowledge under Rules 602 and 701(a), based on the fact that he reviewed ORS code files in 2024 as part of his job at Headlands. It is therefore a gating issue whether the Government has properly established that Mr. Worthington actually has personal knowledge that the code about which he is testifying is the very same code he reviewed in 2024. If he does not, then per the Court's ruling he should not be permitted to testify as to ORS files.

Rule 602 requires evidence sufficient "to support a finding that the witness has personal knowledge" of the matter about which he will be testifying. Fed. R. Evid. 602. The rule is a "specialized application of … Rule 104(b)," Notes of Adv. Comm. on Proposed Rules, which mandates that "proof must be introduced sufficient to support a finding" of a predicate fact. Fed. R. Evid. 104(b). Likewise, Rule 901, which requires the production of "evidence sufficient to support a finding that [an] item [of evidence] is what the proponent claims it is," Fed. R. Evid. 901, is "governed by the procedure set forth in Rule 104(b)." Notes of Adv. Comm. on Proposed Rules.

We do not contend that the Government must establish the connection through any particular authentication method or that Mr. Worthington's own testimony could not supply it. *See United States v. Vayner*, 769 F.3d 125, 130 (2d Cir. 2014). But the Government's repeated observation that the exhibits are already in evidence does not cure the issue. The Court expressly distinguished the Government's "authentication and admission" from establishing "the predicate that I required you to lay" for Mr. Worthington's testimony under Rule 701. Trial Tr. 1097:15–21.

The Government claims that Mr. Worthington's purported identification of GX 891 as an ORS file that he reviewed in 2024 "alone satisfies Rule 104," Dkt. No. 267, at 6, but nowhere in Mr. Worthington's testimony was it elicited *how* he knows it is the same code. The Court has made plain that it needs to know the answer to that question. *See* Trial Tr. 1097:2–7 (identifying the core question as "what specifically did [Mr. Worthington] review and how he ascertained beyond his saying this is the same file," particularly where another file could be "95 percent similar"). The Second Circuit has explained that a lack of personal knowledge "goes to the admissibility of evidence, not merely its weight," and that "when a witness has not identified the objective bases for his opinion," the court cannot assess whether the opinion is rationally based on his perceptions. *United States v. Garcia*, 291 F.3d 127, 140–41 (2d Cir. 2002).

The problem is exacerbated here by the fact that Mr. Worthington has been shown additional and different code on a series of occasions in 2026 to help the Government prepare for trial. Mr. Worthington may have knowledge that he reviewed code files in 2024, but it is not at all clear that he has an adequate basis for identifying GX 891 as code he saw in 2024. *Cf. Vayner*, 769 F.3d at 131–32 (finding evidence that a webpage existed and contained information about the defendant insufficient to authenticate it as a page created by him or on his behalf). The Court reserved on our request to inquire under Rule 104 pending the Government's additional foundational showing. Trial Tr. 1102:1–13. The Government's present proffer does not resolve the questions underlying that request.

The Government's contention that any remaining challenge should be relegated to cross-examination falsely assumes that the necessary foundation has been established. Dkt. No. 267, at 7.[1] *Vayner* explains that reliability challenges go to weight only *after* the proponent has provided sufficient evidence supporting the claimed identification. 769 F.3d at 131. Nor does Mr. Worthington's recollection of conducting a memorable review necessarily explain his identification of the particular material now displayed. As the Court observed, "he remembers doing a review," but "I didn't hear him say that he remembers the file specifically." Trial Tr. 1096:18–21.

To establish the connection that it currently lacks, the Government has indicated that it may re-call Kristin Grisius to testify that she "instructed" that files that "she understood" to be ORS files received from Mr. Zhou were to be "put on a clean laptop," which she then "instructed" be given to Mr. Worthington. Dkt No. 267, at 8. The Government's proffer describes Ms. Grisius's instructions, but it does not explain the basis for her knowledge that the particular files were placed on the laptop and ultimately provided to Mr. Worthington. And Ms. Grisius's 3500 material states that Mr. Worthington confirmed receipt but does not specify what he confirmed receiving or from whom. *See* 3510-017. The Government also proffers that Ms. Grisius will testify that the Zhou production was the only version of ORS files Headlands possessed. The Government does not explain the basis for Ms. Grisius's knowledge of that proposition or how she connects the particular exhibits to the material ultimately provided to Mr. Worthington. Dkt. No. 267, at 8. Those matters must be clarified before the Court determines that the foundation is sufficient.

We therefore seek the opportunity the Court said it was inclined to grant: to inquire into what enables Mr. Worthington to recognize the displayed material as the material he reviewed in 2024, which relevant portions he personally examined at that time, and how he distinguishes that review from subsequent examination of other code.

---

[1] Nor would cross-examination before the jury on this issue have any value, because the jury is not considering the issue that potentially limits Mr. Worthington's testimony; the Court is.

The Court should permit the defense to probe Mr. Worthington's personal knowledge of the ORS code from his 2024 analysis pursuant to Rule 104(b).

Respectfully submitted,

/s/ Andrea Griswold

Andrea Griswold
David Meister
Daniel Merzel
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001
(212) 735-2426

*Counsel for Richard Ho*