**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 19, 2026

**BY ECF AND EMAIL**
The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Cheuk Fung Richard Ho*,**
**S1 25 Cr. 3 (JAV)**

Dear Judge Vargas:

The Government writes pursuant to Federal Rule of Evidence 104 to request that the Court hold a hearing, before the testimony of defense witness Mark Hendricks, to ensure that his opinion testimony will rely on a proper foundation and will not be based on matters precluded by the Court, such as purported industry experience that he has failed to disclose.

Given the limitations the Court placed on Hendricks's testimony, a Rule 104 hearing is appropriate to ensure only admissible testimony is considered by the jury. By way of background, this Court precluded Hendricks from offering "testimony [about] code [that] exists at other firms," finding that his refusal to disclose the bases, reasons, and alleged experience underlying his opinion made it impossible for the Court to assess whether there was "a sufficient bases for his opinions, whether he employed proper methodology, whether he has proper experience on which to render his opinions" and more as required under Rule 702, and similarly rendered cross-examination impossible. (10/26/2026 Tr. at 104). The Court limited Professor Hendricks and ordered:

> He can opine on what is available in public sources. He can opine as to what is available in curricula at universities or known to computer programmers in this area generally. And therefore, to the extent his opinions are based upon that expertise, which the Court has found he is qualified to opine on, he can state whether or not based on those experiences, whether particular codes or concepts would be known or readily ascertainable to those working in the industry. *But what he cannot do is say, and I've seen those codes at unspecified firms. He cannot render that testimony*.

(*Id.* at 104-05 (emphasis added)).

To ensure compliance with the Court's order, and to ensure that the jury is not misled as to the basis of Professor Hendricks's opinions, the Court should exercise its gatekeeping role in advance of his testimony. (*See* Tr. 1097 (requiring the proponent of testimony "to establish predicate

basis for testimony and stating "there needs to be a sufficient foundation and offer of proof on this point.")).[1] Rule 104(a) requires that "[t]he court must decide any preliminary question about whether a witness is qualified . . . or evidence is admissible." The Court has utilized Rule 104 to perform this gatekeeping function, and it should do so again here. *See also* Tr. 1155 (the Court finding in response to a Rule 104 objection that "until I hear the foundation of his testimony and how he arrives to those conclusions based upon his knowledge," the Court cannot confirm that testimony was admissible).

The Government is particularly concerned that if Professor Hendricks refers to or implies that his industry experience is a basis for his opinion that Headlands code files are known to and readily ascertainable by others in the HFT industry, that will obviously suggest to the jury that he has seen those files or components of those files at other HFT firms. That testimony would provide an end-run around the Court's ruling, leaving the jury with precisely the unsubstantiated implication barred by the Court pursuant to Rules 702 and 403. Accordingly, the Government requests a Rule 104 hearing to ensure that the bases upon which Professor Hendricks intends to rely on are not ones prohibited by the Court's ruling, and that a proper foundation will be laid to make Professor Hendricks's permitted bases and reasons for his opinion transparent to the jury. (*See* Tr. 1100 (granting request for Rule 104 hearing)).

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: s/____________________________

Ni Qian
Brandon C. Thompson
Matthew Weinberg
Assistant United States Attorneys
(212) 637-2364/2444/2386

[1] The Government recognizes that the Court stated in connection with its prior ruling that it was "not precluding [Hendricks] from him testifying that he has industry experience generally." (10/26/2026 Tr. at 111). The Government has conferred with defense counsel regarding the experience that it intends to elicit from Hendricks during his direct examination, and understands that counsel intends to comply with the Court's order. But the Government does not know the contours of the testimony that Hendricks now intends to offer to comply with the Court's order, and a Rule 104 hearing is the proper way of ensuring that the testimony complies with the Court's order that Hendricks may not base his testimony on his purported knowledge of the existence of similar code at other firms.